[No. 8896.    Department Two.    January 20, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. FREDERICK WILLIAM JAHNS, *Appellant*.[1]

HOMICIDE—MURDER IN FIRST DEGREE — INDICTMENT AND INFORMA-
TION—SUFFICIENCY. An information charging that the accused did,
with premeditated design to effect her death, kill and murder A. J.
by beating and mortally wounding, etc., follows the language of Rem.
& Bal. Code, § 2392, defining murder in the first degree, and is suffi-
cient without further alleging that the person died.

JURY—COMPETENCY—CHALLENGES — WAIVER OF OBJECTION. Error,
if any, in denying a challenge to a juror for actual bias, is waived,
where the state withdrew its opposition, and the court offered to
permit the defense to again exercise its challenge, the defense re-
fusing to avail itself thereof or take any action thereon.

JURY—QUALIFICATION OF JUROR—TAXPAYER. Under Rem. & Bal.
Code, § 94, an elector and taxpayer of the state of Washington is a
qualified juror, and a juror need not be a taxpayer within the county
in which he is called.

[1]Reported in 112 Pac. 747.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered January 24, 1910, upon a trial and conviction of murder in the first degree. Affirmed.

*H. N. Martin* and *Jesseph & Grinstead,* for appellant.

*H. G. Kirkpatrick* and *Merritt, Oswald & Merritt,* for respondent.

MORRIS, J.—Appeal from a conviction of murder in the first degree. The first assignment of error is insufficiency of the information, in that it does not allege that the person upon whom the crime is charged to have been committed died as a result thereof. The language of the information touching this point is, "did then and there unlawfully and feloniously, and with a premeditated design to effect her death, kill and murder Agnes Jensen, by then and there unlawfully and feloniously and with a premeditated design to effect the death of the said Agnes Jensen as aforesaid, beating and mortally wounding the said Agnes Jensen." Rem. & Bal. Code, § 2392, defines murder in the first degree, in part, as follows:

"The killing of a human being, unless it is excusable or justifiable, is murder in the first degree when committed either (1) with a premeditated design to effect the death of the person killed."

The information followed the statute in defining the crime charged, and was sufficient.

The information is also attacked upon the ground that it is verified upon information and belief. We do not so find it. The verifying clause is "that the foregoing information is true."

The other assignments are in relation to jurors. Juror Field was challenged upon the ground that he had a fixed opinion as to the guilt or innocence of the accused, requiring evidence to remove. The record discloses that the juror was questioned touching any opinion he might have as to the guilt or innocence of the defendant, based upon what he had

heard or read; to which he answered, he had none. He was then asked if he believed a woman was murdered in Stevens county on October 28. He answered, "Yes, I do believe that;" and further answered that it would take evidence to remove that belief from his mind; that such an opinion was not a fixed opinion or belief, but "is an impression" which would readily yield to the evidence, and that he could render as impartial a verdict as if he had never read of the case before. Thereupon, the state resisting, the court denied defendant's challenge to the juror upon the ground of actual bias. Subsequently the state, doubtless desiring to eliminate any possibility of error from the case, withdrew its opposition to the challenge, and the court then offered to permit the defense to again exercise its challenge to this juror, if desired, which offer the defense refused to avail itself of, and would only answer, "We refuse to say whether we do or not." Whereupon the trial proceeded with the juror in the box; the defense refusing to again challenge the juror for cause, or to exercise a peremptory challenge upon him. We find no error in this situation. If the first ruling of the court was wrong, it was withdrawn for the benefit of defendant, and in refusing to take advantage of the court's ruling and interpose a challenge to the juror, and error in the first ruling was waived and cannot now be taken advantage of.

It is next urged that juror Warner was not a qualified juror, in that it appeared by affidavit upon a motion for a new trial, that he was not a taxpayer in Stevens county. The examination of the juror on his *voir dire* disclosed that he was an elector and taxpayer in the state of Washington, paid no taxes on real property, but did pay taxes on personal property. Under Rem. & Bal. Code, § 94, "An elector and taxpayer of the state of Washington" is a qualified juror; and it appearing that the juror did pay taxes within the state, he was qualified. There is no requirement that a juror, to be qualified as such, must be a taxpayer within the county.

in which he may be called.   The payment of taxes within the state is sufficient.

Finding no error, the judgment is affirmed.

DUNBAR, C. J., RUDKIN, CROW, and CHADWICK, JJ., concur.