[No. 35809. Department One. May 31, 1962.]

THE STATE OF WASHINGTON, *Respondent,* v. EARL WILLIAM SAWYER, *Appellant.**

*John Patrick Cook* (of *Regal & McDonell*), for appellant.

*Charles O. Carroll* and *Dominick V. Driano,* for respondent.

FOSTER, J.—Earl William Sawyer appeals from a judgment on a verdict of guilty of the crimes of robbery and of assault. There are three assignments of error: (1) insufficiency of the evidence; (2) denial of a motion to dismiss or to declare a mistrial (a) because he was handcuffed in the presence of some members of the jury, and (b) because he was forced to trial when he had been without sleep or food for a protracted period; and (3) permitting the state to amend the information during the trial.

A detailed statement of the evidence is unnecessary to

*Reported in 371 P. (2d) 932.

a consideration of any of the assignments of error. There is ample evidence to sustain the verdict at all stages of the case. Seven witnesses testified to the robbery and identified Sawyer as the perpetrator. Several of them testified that they saw Sawyer aim the weapon at the victim in the perpetration of the robbery. The right to believe or disbelieve such testimony is exclusively the province of the jury. The assignment is devoid of merit.

Appellant assigns error to the amendment of the information to conform to the proofs. Such amendments are authorized by rule.[1] The amendment conforms the information to the proofs that the crime charged was committed by appellant while acting with another person. The evidence which made this amendment necessary went in without objection. The claim of error is groundless.

The final assignment is that appellant was denied a fair trial because, as a result of jail discipline, he was deprived of sleep on the night preceding the trial, he had no food the preceding evening, and he was without breakfast on the morning on which his trial started.

All of the facts were known to appellant's trial counsel before the case was called, but he did not bring the matter to the court's knowledge until after a jury was impaneled. Counsel expressly consented to the impaneling of the jury before making such fact known to the court.[2]

After the jury was impaneled, the court called the jailer as a witness. He testified as to the events complained of.

---

[1] "At any time before or during trial the court may permit the amendment of an information and permit proof to be offered in support thereof, and if the defendant shows to the satisfaction of the court that he would thereby be misled, the court shall make such order as shall secure to the defendant full opportunity to defend. An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant would thereby be prejudiced in a substantial right." Rule of Pleading, Practice and Procedure 101.04W (2), RCW Vol. 0.

[2] "Mr. Cook: If the Court please, prior to the time of the impaneling of the jury, I have a motion with regard to the information. I can do it now or wait until the jury is impaneled? The Court: Let's proceed to the impaneling of the jury. Mr. Cook: Very well, your Honor."

Appellant, likewise, testified as to his version of the episode. At this point, it was 11:10 in the forenoon when the court commented that it had arranged for the appellant's noon meal, and that the appellant would not be required to start his case before noon. In the absence of the jury, following the noon recess, the court asked appellant if he had had his lunch. Appellant answered in the affirmative and the trial proceeded.

There was a recurrence of the episode of the previous evening following the first day of trial. This was called to the court's attention when court convened on the second day of trial, but no motion or ruling was made although the court ordered the jailer to appear at the morning recess. The jailer testified to the occurrence of the previous evening. There was no motion or ruling made.

When the prosecution rested its case at 2:15 on the second day of trial, the court, of its own motion, offered appellant a continuance until 9:30 the following morning. This, appellant's counsel refused because of his own desire to complete the trial so that he could leave the city to attend a court in a distant part of the state on the following day. Any possible error was waived.

Had these facts which are now brought to our attention on appeal been presented to the trial court before a jury was impaneled, undoubtedly the trial would have been continued. Such is the plain duty of counsel.

■ The second phase of the claim of the lack of a fair trial concerns the handcuffing of appellant by a deputy sheriff in the courtroom following adjournment of the first day of trial. We have the bare assertion of counsel, but no record of proof, that some members of the jury observed this performance. When court next convened, it peremptorily admonished the jury that if any jurors saw the incident, it should be banished from their minds. No claim is made that appellant was manacled during any part of the trial. The affair, at most, amounted to no more than a misadventure. No constitutional right was prejudiced even if we assume the facts to be as claimed. Such was the

decision of the United States Court of Appeals (10th Cir.) in *Way v. United States,* 285 F. (2d) 253, 254. The reasons were stated by that court as follows:

"Error is predicated upon the action of the court in denying a motion to dismiss the jury panel for the reason that appellant was brought into court handcuffed. It is fairly apparent from the record that without any order from the court, appellant was at one juncture brought into court handcuffed. But it is further fairly apparent from the record that the handcuffs were removed promptly after he entered the court room. It is the general rule that under ordinary circumstances freedom from handcuffs, shackles, or manacles of a defendant during the trial of a criminal case is an important component of a fair and impartial trial. In other words, such procedure should not be permitted except to prevent the escape of the accused, to prevent him from injuring others, and to maintain a quiet and peaceable trial. Odell v. Hudspeth, 10 Cir., 189 F. 2d 300, certiorari denied, 342 U. S. 873, 72 S. Ct. 116, 96 L. Ed. 656. But there is no indication that the occurrence was prejudicial. And in the absence of an indication of prejudicial consequences, such an occurrence does not warrant the granting of a new trial. Blaine v. United States, 78 U. S. App. D. C. 64, 136 F. 2d 284."

Affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

---

August 30, 1962. Petition for rehearing denied.