[No. 37802.   Department One.   February 24, 1966.]
THE STATE OF WASHINGTON, *Respondent*, v. DAVID LEE OLLISON et al., *Appellants.**

*Reported in 411 P.2d 419.

*Joseph Q. Betzendorfer, Jr.* (of *Lee, Krilich & Anderson*), for appellants.

*John G. McCutcheon* and *Gary E. Cronk*, for respondent.

PER CURIAM.—A jury found appellants guilty of larceny by trick, device and false and fraudulent representations and pretenses. Mrs. Edna B. Greene, who testified that the defendants had taken $1,000 from her by substituting a roll of paper for her $1,000 in currency, supplied the main evidence supporting the verdict.

Mrs. Greene said that appellants, seemingly strangers to each other, had approached her on the downtown streets of Tacoma on December 10, 1963, seeking both a place to stay and a safe place to keep some money one of them showed her. She told them she could help them and suggested that the credit union where she kept her own savings might be a good depository for the money. They approved the idea generally, she said, but expressed doubts that the money, once deposited, could readily be withdrawn and persuaded her to make a withdrawal from her credit union account to demonstrate that it could be done.

She told the jury that the three drove to her credit union office where she withdrew $1,000 in the form of a check. Appellants, apparently ignorant of business methods, expressed doubts that the check could be exchanged for cash. To prove otherwise, she drove them to a bank, cashed the check, and, folding the $1,000 in currency into her credit union account book, placed the book and money in her

purse. With the purse on the seat beside her, she drove away from the bank, setting the scene for the trick.

Appellants, seemingly convinced that money placed in a credit union in Mrs. Greene's name could be quickly withdrawn and that a check delivered by the credit union could be converted into money, stated their election to commingle their funds with hers for deposit in her credit union. Conspicuously placing a roll of bills in her purse as they drove toward the city center, they asked to be let out of the car a minute or so later. When Mrs. Greene examined her purse a few minutes later, she said she found her money gone and a roll of newspaper clippings and toilet paper in its stead.

From a judgment and sentence of imprisonment entered on the verdict, appellants bring this appeal.

Appellants assign error to the court's refusal to grant their alternative motions for a new trial or in arrest of judgment based on the insufficiency of the evidence. We think the court ruled properly on this matter. Mrs. Greene's identification of one defendant was positive and, while earlier expressing some doubt as to the other defendant, when she saw him in the courthouse before the trial she said that she knew then and there was no more doubt in her mind. Introduction of the rolled paper and a brown paper bag identified by Mrs. Greene as having been placed in her purse by appellants supplied believable evidence that she had not lost or misplaced her $1,000.

A challenge to or motion directed against the sufficiency of the evidence admits the truth of the evidence and all inferences that can reasonably be drawn from the evidence, and requires that the evidence be interpreted most strongly against the challenger or movant and in the light most favorable to the opposing party. *State v. Lutes,* 38 Wn.2d 475, 230 P.2d 786 (1951). There was ample evidence to support the verdict against both defendants.

Appellants assign error to the court's refusal to grant them a preliminary hearing after the prosecuting attorney had filed an information in the superior court. They had been brought to Pierce County pursuant to a warrant of

extradition issued by the Governor. On March 30, 1964, the prosecuting attorney of Pierce County had them taken before a justice of the peace in the Pierce County courthouse where their constitutional rights and immunities were explained to them by that court. At appellants' request, the justice of the peace court set April 13, 1964, as the time for a preliminary hearing. Prior to that date, on April 8, 1964, the prosecuting attorney filed an information in superior court charging appellants with grand larceny, and the appellants were timely arraigned thereon.

We see no error in the superior court denial of a preliminary hearing after the information had been filed. A prosecuting attorney in the exercise of his official powers, where he has good cause to believe that a crime has been committed and that he can prove the defendant is guilty thereof, may file an information directly in the superior court without a preliminary hearing. In such a case, the preliminary hearing is not deemed requisite to or an essential element of due process of law. *State v. Jackson,* 66 Wn.2d 24, 400 P.2d 774 (1965); *In re Pennington v. Smith,* 35 Wn.2d 267, 212 P.2d 811 (1949). Since the prosecuting attorney, in the exercise of his official judgment, had come to the conclusion, after defendants had appeared before the justice of the peace but before time set for the preliminary hearing, that he could prove both the commission of a crime and defendants' guilt, he had the power to file an information directly in the superior court, thus bypassing the preliminary hearing and superseding the justice court criminal complaint.

Appellants also assign error to the court's refusal to order a mistrial on the grounds that the sheriff had brought the appellants down the hallway to the courtroom handcuffed together within the view of some of the prospective jurors. Appellants were in custody in lieu of $5,000 bail; before voir dire examination and swearing of the jury, sheriff's deputies escorted appellants to the vicinity of the courtroom entrance where apparently the handcuffs were removed. Some members of the venire may have seen this.

Appellants promptly moved for a mistrial, their counsel, Mr. Betzendorfer, bringing the matter to the court's attention as follows:

At approximately 1:50 this afternoon, when prior to impaneling the jury the jurors were in the courtroom or in the hallway outside of the courtroom, the sheriff brought the two defendants, Mr. Wallace and Mr. Ollison, down the hall handcuffed together, which was quite obvious to all members or prospective jurors in the hall, and I feel under those circumstances the rights of my clients have been violated in that they possibly could not get a fair trial by these jurors knowing they are both incarcerated at this time.

The trial court did not, nor did appellants request it to, admonish the jury to disregard the incident and to draw no inferences from the fact that appellants were in custody and had been handcuffed on their trip to the courtroom.

Beyond the statement of appellants' counsel, the record contains no proof that the incident inflamed or prejudiced the minds of any prospective jurors against appellants. In *State v. Sawyer*, 60 Wn.2d 83, 371 P.2d 932 (1962), where a deputy in the courtroom, presumably within the view of some members of the jury, handcuffed the accused following adjournment of the first day of trial, we held that the court's prompt admonition to the jury at the resumption of trial cured the error.

The handcuffing in the insant case existed only outside the courtroom before the impaneling of the jury and with no application to the court for an admonition. As in *State v. Sawyer, supra,* the record is devoid of proof or inferences therefrom that any jurors were prejudiced by the incident. We would, however, repeat the statement in *State v. Sawyer, supra,* 60 Wn.2d at 86, that:

"It is the general rule that under ordinary circumstances freedom from handcuffs, shackles, or manacles of a defendant during the trial. . . . is an important component of a fair and impartial trial. . . . [Handcuffing] should not be permitted except to prevent the escape of the accused, to prevent him from injuring others, and to maintain a quiet and peaceable trial."

We have studied appellants' other assignments of error and find them all to be without merit.

Judgment is, therefore, affirmed.

---

April 19, 1966. Petition for rehearing denied.