[No. 93-40833-3.   Division Three.   December 24, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT A. HERR, *Appellant.*

*Neil P. Cronin,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* for respondent.

EVANS, C. J.—Appellant was convicted of robbery and attempted robbery. Timely notice of appeal was filed.

Counsel who was appointed to represent defendant at trial was appointed for appeal. Counsel, being unable to find any errors of law upon which to submit an appeal, has submitted a brief raising those points which the appellant has requested, and has furnished a copy of his brief to the appellant within ample time for him to raise any additional points that he might choose.

Counsel then sought leave to withdraw from the case. The state moved to dismiss the appeal as frivolous in accordance with the rule announced in *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). The matter was heard before the court in oral argument, and the merits of the appeal have been considered.

■ Appellant makes five assignments of error. His first assignment is that he was entitled to a preliminary hearing after arrest. A preliminary hearing is not deemed requisite to or an essential element of due process of law, *State v. Ollison*, 68 Wn.2d 65, 68, 411 P.2d 419 (1966), and the prosecutor has the discretion to file an information directly in superior court. *State v. Kanistanaux*, 68 Wn.2d 652, 414 P.2d 784 (1966).

Appellant next contends that he was entitled to be released on bond pending the trial of this case. His bond was set at $7,500 but he was kept in custody because of the suspension of his parole in connection with a prior felony conviction. This contention has been answered in the case of *January v. Porter*, 75 Wn.2d 768, 777, 453 P.2d 876 (1969), "unless the statutes provide expressly otherwise, the courts are without power to grant bail to a convicted prisoner on parole arrested and held in custody for a violation of the terms and conditions of his parole."

Appellant's third assignment of error is directed to the admission in evidence, over objection, of what is referred to as a bill of sale, which is a handwritten note on a scrap of paper reading, "I, Loreto Troendle, am selling a '58 Chev. to Bob Herr. License—ADZ 782 Sept. 20, 1968 for $75." September 20 was 1 week subsequent to the robbery.

Appellant asserts that the bill of sale merely establishes that he had the right to possession of the vehicle after the robbery and, therefore, the exhibit is irrelevant.

The description which the police had of the automobile used in the robbery was that of a two-tone tan and cream 1958 Chevrolet, with part of the car damaged and the trunk wired shut. An eyewitness testified that he saw a 1958 two-tone Chevrolet being driven away from the scene of the robbery, and identified the defendant as the driver. When the defendant was arrested the bill of sale was in his possession, and a 1958 Chevrolet, license ADZ 782, was found in the garage at his place of residence. The Chevrolet was two-tone tan in color, the trunk was wired shut and the side of the car was damaged. Under these circumstances we find no merit to the defendant's claim that it was error to admit the bill of sale.

Appellant next contends that remarks made by the trial judge to counsel out of the presence of the jury, to the effect that the case was dragging, and an inquiry by the court to the jury as to how they were feeling, followed by a remark that, "As you know, I'm trying to finish this case," were highly prejudicial. When viewed in the context in which these remarks arose, this contention is utterly frivolous.

Appellant next complains of photographic identifications made by some of the state's witnesses. One of the witnesses identified the defendant in a police lineup without recourse to a prior photographic identification. Those who identified appellant from photographs, made independent in-court identifications. A review of the record reveals that the photographic identification procedure "was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification." See *Simmons v. United States*, 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968); *State v. Standley*, 1 Wn. App. 148, 459 P.2d 808 (1969). See also *State v. Prater*, 1 Wn. App. 342, 461 P.2d 357 (1969).

Appellant's final assignment of error relates to alleged prejudice from having his handcuffs removed outside the courtroom, in close proximity to prospective jurors, on the first day of the trial. Counsel for the appellant was not apprised of this, and no objection was made to the trial court. Nothing in the record indicates that the jurors actually saw the defendant in handcuffs. If prejudicial error did result therefrom it would not be so prejudicial as to warrant a reversal. *State v. Ollison,* 68 Wn.2d 65, 411 P.2d 419 (1966).

The judgment is affirmed.

GREEN and MUNSON, JJ., concur.