*See also* United States v. Harris, 507 F.2d 197 (3d Cir. 1975).

**Marshall Andre KELLY, Petitioner-Appellant,**

v.

**Walter T. STONE, Respondent-Appellee.**

**No. 74–1966.**

United States Court of Appeals, Ninth Circuit.

March 21, 1975.

Roderick P. Bushnell (argued), San Francisco, Cal., for petitioner-appellant.

Herbert F. Wilkinson, Deputy Atty. Gen. (argued), for respondent-appellee.

Before LUMBARD,* KOELSCH and DUNIWAY, Circuit Judges.

## OPINION

PER CURIAM:

Marshall Andre Kelly, a California state prisoner, petitioned the United States District Court for a writ of habeas corpus. He urged as grounds for relief prosecutorial misconduct during his state court trial. The district court denied him relief, and he has appealed.

Kelly is black, and the charge was forcible rape. In these circumstances, the district attorney's exhortation in a closing argument to the jury to "[t]hink about the consequences of letting a guilty man, a man guilty of a serious and rather horrible crime, go free. Because maybe the next time it won't be a

little black girl from the other side of the tracks; maybe it will be somebody that you know; maybe it will be somebody that I know. And maybe the next time he'll use the knife. . . ." constituted a highly inflammatory and wholly impermissible appeal to racial prejudice. (R. 29–30) Guilty verdicts must, of course, be based upon solid evidence, not upon appeals to emotion. *See* United States ex rel. Haynes v. McKendrick, 481 F.2d 152 (2nd Cir. 1973).

Moreover, the district attorney violated the *Griffin* rule. (Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).)

The charge being rape brought the accused and his role in the alleged affair into particularly sharp focus. And although the district attorney did not directly comment that Kelly had not taken the witness chair to deny or give his version of the affair, her repeated assertions to the effect that the alleged victim's testimony of non-consent stood unchallenged "naturally and necessarily" (Hayes v. United States, 368 F.2d 814, 816 (9th Cir. 1966)) emphasized Kelly's testimonial silence.

Finally, the district attorney's peroration that "If you can't find the defendant guilty on the facts that I have presented to you, I feel like I just might as well, you know, close up shop and go home . . . ." was not only a highly improper expression of personal opinion but constituted a veiled threat to the jury to return a guilty verdict. The trial judge's prompt direction to disregard at most lessened the force of the district attorney's declarations.

We are not prepared to hold that any one of these improper comments and inflammatory statements during the argument to the jury destroyed or materially impaired the fact finder's fairness and impartiality. But we deem manifest the conclusion that, taken together, they operated to deny Kelly a fair trial.

The judgment is reversed and the cause is remanded to the district court

* The Honorable J. Edward Lumbard, United States Circuit Judge for the Second Circuit, sitting by designation.

with directions to grant Kelly a writ of habeas corpus releasing him from custody, unless the State of California, within 90 days from the date of the filing of the remand, grants Kelly a new trial.