[No. 2957–2.   Division Two.   August 18, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL
DOUGLAS CRAWFORD, *Appellant.*

*Franklin D. Burgess* and *Tanner, McGavick, Felker, Fleming, Burgess & Lazares,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

SOULE, J.—Defendant, Paul Douglas Crawford, was convicted of first–degree murder and sentenced to life imprisonment following a jury trial in the Pierce County Superior Court. On appeal, he contends that the trial court impaired his constitutional right to a fair trial by refusing to grant defense counsel's motion for a change of venue and by failing to insulate the jury from certain prejudicial influences. Defendant also contends that the prosecutor commented upon defendant's failure to testify, thereby violating the self–incrimination clause of the Fifth Amendment. We disagree with each contention and affirm the judgment and sentence.

The record discloses that Walter T. Schaeffer was shot and killed on December 1, 1975, during the course of a robbery in Tacoma in which defendant participated with two others. Both accomplices were convicted in prior proceedings and one testified for the State in this case. On December 3, 1975, an information was filed charging

defendant with first–degree murder. Sixteen months later, defendant was arrested in Florida and extradited to Washington. On April 28, 1977, defense counsel moved for a change of venue alleging that a series of front–page articles appearing sporadically in the Tacoma News Tribune over the previous 16 months constituted prejudicial pretrial publicity that infringed upon defendant's Fourteenth Amendment right to a fair trial. This motion was renewed during trial and after the jury returned its verdict. The trial court denied each petition.

■■ The rule in this jurisdiction is that a motion for a change of venue is addressed to the sound discretion of the trial court, and unless our independent review of the record reveals actual or probable prejudice so apparent as to constitute an abuse of that discretion, the trial court's ruling on the motion will not be disturbed. *State v. Stiltner,* 80 Wn.2d 47, 491 P.2d 1043 (1971); *State v. Brooks,* 20 Wn. App. 52, 579 P.2d 961 (1978); *State v. Warwick,* 16 Wn. App. 205, 555 P.2d 1386 (1976). In *State v. Crudup,* 11 Wn. App. 583, 524 P.2d 479 (1974), the court listed nine criteria to be considered when reviewing the propriety of an order affecting a change of venue motion based on pretrial publicity, at page 587:

> (1) the inflammatory or noninflammatory nature of the publicity; (2) the degree to which the publicity was circulated throughout the community; (3) the length of time elapsed from the dissemination of the publicity to the date of trial; (4) the care exercised and the difficulty encountered in the selection of the jury; (5) the familiarity of prospective or trial jurors with the publicity and the resultant effect upon them; (6) the challenges exercised by the defendant in selecting the jury, both peremptory and for cause; (7) the connection of government officials with the release of publicity; (8) the severity of the charge; and (9) the size of the area from which the venire is drawn.

Initially, we note that defendant has failed to furnish this court with the newspaper articles, or copies thereof, that he challenges as sensational and prejudicial. Consequently, we

must defer to the trial court's determination as to the inflammatory character of the articles. Furthermore, we have compared the facts of the case at bench to the guiding factors enumerated in *Crudup* and hold that the trial court did not abuse its discretion by denying the change of venue motion. Specifically, we note that the area of dissemination and the size of the population from which the venire is drawn is approximately 420,000; trial commenced 1 1/2 years after the commission of the crime; counsel for defendant admits that press coverage of defendant's return to this state was minimal and that the State was not responsible for the publicity; the trial court exercised due diligence and did not encounter any difficulty in selecting the jury. The prospective jurors were examined concerning their recollections of the newspaper articles, and only those persons who expressly stated that they could be fair and impartial were retained as part of the venire. To insure an adequate screening process, defendant was allowed three extra peremptory challenges. Finally, nothing in the record indicates that the challenged newspaper stories were anything but general factual reports of the crime and surrounding circumstances, nor does defendant claim that a surge of community reaction preceded the trial. *See State v. Braun,* 82 Wn.2d 157, 509 P.2d 742 (1973).

Defendant also claims he was denied a fair trial because the trial court refused to grant a mistrial pursuant to defendant's motion on the grounds that he was bound and gagged in the jurors' presence. During the arraignment proceedings, defendant suddenly left his chair and walked toward the courtroom door. The action had the appearance of an attempt to escape. As defendant reached the exit, he was apprehended by the attending sheriff's deputy. A brief struggle ensued and thereafter defendant was handcuffed and returned to the courtroom. Subsequently, the venire was seated in the courtroom and the court and the attorneys began empaneling the jury. Defendant's vociferous and rowdy conduct interrupted this proceeding on several occasions before the trial court ordered defendant gagged

and bound to prevent further disturbances. At this point, the court remarked:

> I think the record should reflect that the officers are subduing Mr. Crawford. I warned you in the absence of the jury, Mr. Crawford, how to behave. You're shackled here because you attempted to escape earlier . . .

Defendant contends that the gagging and binding incident destroyed the jury's impartiality and influenced their verdict. Defendant does not separately assign error to the judge's statement but argues that the prejudicial effect of the entire event was compounded by the court's comment because it apprised the jury of defendant's previous behavior outside of their presence. We disagree.

The general rule is that failure to preserve and maintain the decorum of the courtroom, according to legal procedures, may jeopardize a defendant's right to an impartial jury and warrant the granting of a mistrial. *Sheppard v. Maxwell*, 384 U.S. 333, 16 L. Ed. 2d 600, 86 S. Ct. 1507 (1966); *State v. Sawyer*, 60 Wn.2d 83, 371 P.2d 932 (1962). However, it is constitutionally permissible for the trial judge to gag and bind a contumacious and disruptive defendant in order to preserve the appropriate courtroom atmosphere. *Illinois v. Allen*, 397 U.S. 337, 25 L. Ed. 2d 353, 90 S. Ct. 1057 (1970). In the present case, the record reflects that defendant, despite warnings from the bench, verbally disrupted the proceedings on more than one occasion and had to be physically subdued by four deputies on another. Therefore, we hold that the defendant's defiantly stubborn behavior justified the trial court's order.

Although we do not condone remarks from the bench that inform the jury of defendant's rebellious actions that would not otherwise be known to them, in the instant case we are convinced that the trial court's statement referring to defendant's previous escape attempt did not constitute reversible error. The remark was made before the jury was sworn. Defense counsel passed each member of the final panel for cause. Furthermore, the record contains no proof that the remark concerning defendant's escape

attempt inflamed or prejudiced the minds of any prospective jurors against the defendant. *State v. Ollison,* 68 Wn.2d 65, 411 P.2d 419 (1966), *cert. denied sub nom. Wallace v. Washington,* 385 U.S. 874, 17 L. Ed. 2d 101, 87 S. Ct. 149 (1966). Finally, we note that defendant made no application to the court for an admonition. When error may be obviated by an instruction to the jury, it is incumbent upon the defendant to request such an instruction. *State v. Berkins,* 2 Wn. App. 910, 471 P.2d 131 (1970). Absent such a request, the error is deemed waived. *State v. Ollison, supra.*

Defendant also contends that an empaneled juror, Gary Smith, was unduly prejudiced by a newspaper account of defendant's defiant actions that occurred outside the jury's presence. We agree that if prejudice did creep into the jury's deliberations, the verdict would have to be vitiated. Here, however, the alleged prejudice was brought to light before any member of the jury was sworn, allowing the defendant to challenge the suspected juror for cause. The record reflects that defendant passed this juror for cause and did not exercise a peremptory challenge, even though able to do so. Consequently, defendant has waived any appealable error. *State v. Jahns,* 61 Wash. 636, 112 P. 747 (1911).

Finally, defendant argues that the prosecutor unconstitutionally commented on defendant's failure to testify. During his closing argument, without objection from defendant, the prosecutor referred in general terms to certain evidence that was "undisputed" and "unrefuted."[1]

At no time did the prosecutor refer directly to the defendant's failure to testify. There is some decisional language suggesting that if defendant was the only person who

---

[1](1) There is no question that first a black man entered the front door of the establishment—*undisputed, unrefuted.*

(2) . . . She positively identified Paul Douglas Crawford as being the man that gave her these items . . . *undisputed and unrefuted, fact.*

could have contradicted the State's testimony, a prosecutor's comment that this testimony has not been disputed *may* improperly draw attention to defendant's failure to testify. *United States v. Bubar,* 567 F.2d 192 (2d Cir.) (dictum), *cert. denied,* 434 U.S. 872, 54 L. Ed. 2d 151, 98 S. Ct. 217 (1977); *State v. Messinger,* 8 Wn. App. 829, 509 P.2d 382 (1973) (dictum). The test employed to determine if defendant's Fifth Amendment rights have been violated is whether prosecutor's statement was of such character that the jury would naturally and necessarily accept it as a comment on the defendant's failure to testify. *Griffin v. California,* 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965); *State v. Ashby,* 77 Wn.2d 33, 459 P.2d 403 (1969). Defendant has not indicated that persons other than defendant could not have conceivably denied the testimony that the prosecutor claimed as unrefuted. However, even if he had done so, we are convinced that the prosecutor's statements in this case, standing alone, were so subtle and so brief that they did not "naturally and necessarily" emphasize defendant's testimonial silence. *See Kelly v. Stone,* 514 F.2d 18 (9th Cir. 1975) (illustrating cumulative instances of prosecutorial misconduct).

■ Our review of the entire record reveals that the evidence of guilt was so overwhelming that the comments could hardly have contributed to defendant's conviction by giving further emphasis to that which was completely apparent without them. Indeed, the prosecutor's comments appear to have been so mildly uttered and received that they were not objected to by defense counsel nor did he request a protective admonition or any other form of relief. As noted previously, when alleged error can be obviated by

---

(3) There was no evidence presented, for example, conflicting in any manner the testimony of Mrs. O'Neal and how she got the jewelry and what Mr. Crawford said to her that night. *It is totally undisputed.*

(4) . . . the State has, indeed, established beyond a reasonable doubt, the charge against the defendant, Paul Douglas Crawford. As a matter of fact, it appears to be, *basically unrefuted.*

asking the court to give a corrective instruction or admonition, the defendant has a duty to make that request. *State v. Brown,* 74 Wn.2d 799, 447 P.2d 82 (1968); *State v. Green,* 70 Wn.2d 955, 425 P.2d 913 (1967); *State v. Webster,* 20 Wn. App. 128, 579 P.2d 985 (1978); *State v. Berkins, supra.* Even assuming, arguendo, that the remarks are suspect, we see nothing that could not have been corrected by a timely admonition, thereby taking this case outside the rule of *State v. Green, supra.* Therefore, on the record before us, we adhere to the rule announced in *State v. Litzenberger,* 140 Wash. 308, 311, 248 P. 799 (1926), and reaffirmed in *State v. Ashby, supra* at page 38, that

> Surely the prosecutor may comment upon the fact that certain testimony is undenied, without reference to who may or may not be in a position to deny it; and, if that results in an inference unfavorable to the accused, he must accept the burden, because the choice to testify or not was wholly his,

The defendant received a fair trial. *Cf. Brown v. United States,* 411 U.S. 223, 36 L. Ed. 2d 208, 93 S. Ct. 1565 (1973); *Harrington v. California,* 395 U.S. 250, 23 L. Ed. 2d 284, 89 S. Ct. 1726 (1969).

The judgment on the jury verdict of guilty is affirmed.

REED, A.C.J., and PETRIE, J., concur.

Reconsideration denied September 12, 1978.

Review denied by Supreme Court February 2, 1979.