8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rickey HAMMOND, Petitioner-Appellant,
v.
Gail LEWIS, Warden, and Daniel E. Lungren, Attorney General
of the State of California, Respondents-Appellees.
 No. 93-55142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 21, 1993.
 
 Before: SKOPIL, HALL, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rickey Hammond appeals the district court's denial of his habeas petition. He claims that (1) he was denied a fair opportunity to present his fourth amendment claims in state court; (2) there was insufficient evidence to support his convictions; (3) the trial court erred in admitting other crimes evidence; (4) pretrial identification procedures were unduly suggestive; (5) certain statements by the prosecutor were improper; and (6) the cumulative effect of these errors deprived him of his constitutional right to a fair trial. We affirm.
 
 1. Fourth Amendment
 
 3
 In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. (footnotes omitted). Hammond argues that he was denied a full and fair hearing because the state court resolved his claims on the threshold question of standing and did not reach the merits of his challenges to the warrant and affidavit. We reject Hammond's argument. When a defendant files a motion to suppress and the state trial court denies the motion after a hearing, the defendant has had a "full and fair opportunity to argue his Fourth Amendment claim in state court." Mitchell v. Goldsmith, 878 F.2d 319, 323 (9th Cir.1989); see Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990) (whether petitioner did in fact litigate the fourth amendment claim in state court is irrelevant; only the opportunity to do so is required).
 
 2. Sufficiency of the Evidence
 
 4
 We conclude that " 'after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Payne v. Borg, 982 F.2d 335, 338 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original), cert. denied, --- S.Ct. ----, 1993 WL 205540 (Oct. 4, 1993). Three of Hammond's victims testified they were sure that Hammond was the robber, picked him from a photographic lineup, and identified him at trial. Three victims also identified Hammond's rifle as the one used during the robbery. Finally, two victims identified their stolen items found as a result of the search of Hammond's girlfriend's house. We agree with the district court that ample evidence connected Hammond to the crimes for which he was convicted.
 
 3. Other Crimes Evidence
 
 5
 A state court's evidentiary ruling is a ground for federal habeas relief only if the petitioner is able to show that the error rendered the state proceeding so fundamentally unfair that due process rights were violated. Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam). The petitioner must prove that "the error had substantial and injurious effect or influence in determining the jury's verdict." Henry v. Estelle, 993 F.2d 1423, 1426 (9th Cir.1993) (internal quotation omitted). Given the eyewitness' identifications and the physical evidence linked to Hammond, we conclude that Hammond cannot make that showing. Accordingly, we hold that no due process violation occurred that would give rise to habeas relief.
 
 4. Suggestive Pretrial Identification
 
 6
 Hammond contends that his constitutional right to due process was violated as a result of suggestive pretrial identification procedures. We disagree. A due process violation occurs only when the pretrial process is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification and the in-court identification is not sufficiently reliable to outweigh the corrupting effects of the suggestive procedure. Van Pilon v. Reed, 799 F.2d 1332, 1338 (9th Cir.1986). Here, there was ample evidence that some of the victims had a clear opportunity to observe Hammond during the commission of the crime and were accordingly able to make accurate and reliable identifications.
 
 5. Prosecutorial Misconduct
 
 7
 Hammond must show that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Hall v. Whitley, 935 F.2d 164, 165 (9th Cir.1991) (per curiam) (internal quotation omitted). Both the state appellate court and the federal district court concluded that given the ample evidence connecting Hammond to the crime, the prosecutor's remarks had an insignificant impact. We agree.
 
 6. Cumulative Error
 
 8
 Hammond contends that even if no single error was of sufficient magnitude to warrant habeas relief, the cumulative effect of the alleged errors nevertheless deprived him of his constitutional due process right to a fair hearing. We reject that contention. There was no constitutional error; Hammond was not denied a fair trial. See Kelly v. Stone, 514 F.2d 18, 19 (9th Cir.1975) (per curiam) (cumulative effect of errors must be determined to have denied petitioner a fair trial).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3