[No. 37416.   Department One.   April 8, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND
WILLIAM JACKSON, *Appellant.*\*

*Irving C. Paul, Jr.,* for appellant.

*Charles O. Carroll* and *Donna L. Berg,* for respondent.

BARNETT, J.†—This is an appeal by the defendant (appellant) from a judgment and sentence of the superior court of King County.  The jury found him guilty of the crime of taking and riding in a motor vehicle without permission of the owner.

The sequence of events leading up to the trial and conviction of the defendant is as follows:  A written complaint charging the defendant with the crime was filed on July 26, 1963, in a justice of the peace court in Seattle. On August

\*Reported in 400 P.2d 774.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to art. 4, § 2(a) (amendment 38), state constitution.

5th, defendant entered a plea of not guilty. The case was continued for testimony to August 12th. On that date, witnesses for the state were sworn and testified. The record shows that the defendant examined the witnesses. By agreement of the parties, the case was again continued until August 16th, at which time the defendant was present; no further testimony was offered by the state; and the defendant offered no testimony. The state's motion to bind the defendant over to the superior court was granted on August 23rd.

The state filed an information charging the defendant with the crime of "taking and riding in a motor vehicle without permission of owner on or about July 22, 1963." An attorney was appointed on August 29th to represent him. The defendant was arraigned and pleaded not guilty on September 6th. The amended information filed October 15th changed the date of the offense to "on or about July 23, 1963."

The trial commenced on November 5, 1963. After the jury was sworn, the defendant moved to dismiss on the ground that he had not been represented by counsel at the preliminary hearing in justice court. The trial court held a preliminary hearing, in the absence of the jury, to determine what had transpired in justice court, and denied the motion.

Appellant assigns error for the failure of the trial court to grant his motion for dismissal on the ground that his request for counsel at the preliminary hearing had been denied.

This assignment of error raises two questions. (1) Does the right to court-appointed counsel extend to all stages in the criminal judicial process whether or not such stages are critical? (2) If "a stage must be deemed critical" to entitle an accused to the assistance of counsel, is such a "critical stage" presented by the facts of this case?

The appellant relies on the following cases to support the affirmative of the first of these questions. *Powell v. Alabama*, 287 U.S. 45, 77 L. Ed. 158, 53 Sup. Ct. 55 (1932); *Hamilton v. Alabama*, 368 U.S. 52, 7 L. Ed.2d 114, 82 Sup.

Ct. 157 (1961); and *White v. Maryland,* 373 U.S. 59, 10 L. Ed.2d 193, 83 Sup. Ct. 1050 (1963). However, the peculiar fact patterns of these cases distinguish them from the case at bar.

In the *Powell* case, no specific counsel had been appointed up until the day of the trial, hence it was held counsel was not appointed sufficiently in advance of the trial for adequate preparation. The *Hamilton* case held that, in Alabama, arraignment is "a critical stage in criminal proceeding" at which time defendant has a right to counsel. Arraignment was held critical because certain defenses not raised at arraignment were considered waived. In the *White* case, the preliminary hearing was "a critical stage" because White's plea of guilty at the preliminary hearing, which was subsequently withdrawn, was used against him at the trial.

In the case of *DeToro v. Pepersack,* 332 F.2d 341, 343 (1964), the court said:

> In our view, Hamilton and White teach that an accused is denied rights afforded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpire that are likely to prejudice his ensuing trial. The Court, in each case, refused to speculate as to whether in fact prejudice actually accrued.
>
> Thus, the thrust of Powell's admonition that an accused has a right to counsel "at every step in the proceedings against him," as borne out by subsequent decisions, including Hamilton and White, seems to be that if the effectiveness of legal assistance ultimately furnished an accused is likely to be prejudiced by its prior denial, the earlier period may be deemed a critical stage in the judicial process and a conviction obtained in such circumstances is rendered invalid. We find nothing in the Supreme Court decisions, however, that would permit us to extend the duty of the State to appoint counsel in proceedings where even the likelihood of later prejudice arising from the failure to appoint is absent.

We are in agreement with the following statement in *United States ex rel. Cooper v. Reincke,* 333 F.2d 608, 611 (1964):

From Hamilton v. Alabama and White v. Maryland, it is plain that there is no arbitrary point in time at which the right to counsel attaches in pre-trial proceedings. Even in White, decided after Gideon, the Court did not refer to counsel "at every stage." Rather, the "critical" point is to be determined both from the nature of the proceedings and from that which actually occurs in each case.

See, also, *United States ex rel. Parker v. Myers,* 233 F. Supp. 563 (1964); *Sanders v. Cox,* 74 N.M. 524, 395 P.2d 353 (1964); *Headen v. United States,* 317 F.2d 145 (1963).

It is more than interesting that in *Latham v. Crouse,* 320 F.2d 120 (1963), where two defendants were sentenced to death for homicide, the court denied their petition for a writ of habeas corpus, holding that, in the absence of prejudice of incriminating statements or acts, no right had been violated by failure to provide counsel at a preliminary hearing. This decision followed *White v. Maryland, supra,* by some 2½ months, but certiorari was denied December 16, 1963, 375 U.S. 959, 11 L. Ed.2d 317, 84 Sup. Ct. 449.

In *In re Pettit v. Rhay,* 62 Wn.2d 515, 383 P.2d 889 (1963), we held that the denial of an accused's request for counsel to assist him in cross-examining the complaining witness at a preliminary hearing prevented the accused from being able to confront the witness against him, where, because of a limited education and past mental illness, the accused did not have the ability to properly conduct cross-examination. We further held the accused was denied due process of law where the only proof of certain elements of the charge was the reproduction, by two bystanders, of the complaining witness' testimony at the preliminary hearing (such reproduction being necessitated by the intervening death of the witness). The court said, p. 522:

> We do not wish to be understood as holding that every indigent person normally has a right to court-appointed counsel at a preliminary hearing. We hold only that, under the peculiar facts before us, the denial of counsel at the preliminary hearing in this case prevented respondent from being able to confront the witnesses against him.

We held in *In re Pennington v. Smith,* 35 Wn.2d 267, 212 P.2d 811 (1949) that, in a criminal prosecution, a preliminary hearing is not necessary to due process. In that case, the appellant in a habeas corpus proceeding was arrested on a warrant issued by a justice of the peace on a sheriff's complaint. He was not taken before a magistrate for a preliminary hearing. The prosecutor filed an information charging the petitioner and the same day he was arraigned and pleaded guilty. We noted that, while a preliminary hearing is the standard way of bringing criminal charges, it is not an exclusive method. Where a prosecutor elects to proceed independently, he need not invoke the statute but may file an information on his own authority. If we conclude that a preliminary hearing is not a requirement to due process, how is it then possible to suggest that where the defendant is not prejudiced, it is a violation of his constitutional rights to deny him court-appointed counsel at a proceeding not constitutionally required by due process?

■ The name of the stage of the criminal proceeding is not controlling. The court must look at substance and not merely at form. If there is no possibility that a defendant is or would be prejudiced in the defense of his case, then this court will be reluctant to overturn the result of a fair trial where no denial of appellant's constitutional rights is shown. We therefore hold that the right to counsel extends only to those stages in the judicial process that may be characterized as critical.

We turn now to the second question raised by the assignment of error. Under the facts, should the failure to appoint counsel be deemed critical?

The defendant pleaded not guilty at the preliminary hearing. During the course of the trial, no statements made by the appellant in justice court were introduced into evidence, inasmuch as the appellant failed to take the stand in justice court. Nothing that occurred at the preliminary hearing became in any way material in the superior court trial.

■ A preliminary hearing in this state is not a trial in the sense that one may be found guilty. The trial judge

stated its purpose in his decision denying the motion to dismiss:

> Generally speaking, the purpose of a preliminary hearing in this state is to determine whether or not there is sufficient evidence to bind the defendant over to be tried according to law in the Superior Court.

The hearing is a mere "inquest" made to determine the existence of probable cause and to discharge the accused if none exists. See Washington Criminal Rule for Courts of Limited Jurisdiction 2.03, RCW vol. 0. The finding of probable cause is not final and cannot be used against the accused in the trial in the superior court. The preliminary hearing in the state of Washington is similar to those in our sister states of Connecticut, Idaho and Pennsylvania. See *United States ex rel. Cooper v. Reincke,* 333 F.2d 608 (1964); *Freeman v. State,* 87 Idaho 170, 392 P.2d 542 (1964); *United States ex rel. Parker v. Myers,* 233 F. Supp. 563 (1964).

██ Prejudice is asserted because appellant could not properly examine the witnesses. In this regard, the trial judge said:

> There is no question subsequent to the preliminary hearing, processes are available to the defendant to examine the witnesses for the state. There has been no such request here. In addition there is nothing at the preliminary hearing that involved a question of law that was decided at the preliminary hearing that affects this proceeding in the slightest, because here he gets a full, fresh, and complete trial benefited by whatever knowledge was gained by him at the preliminary hearing.

In this case, the appellant has made no showing that lack of counsel at the hearing resulted in an absence of fairness at the trial. Under the circumstances of this case,[1] we do not consider the failure to appoint counsel at the preliminary hearing a denial of counsel at a "critical stage" in the pro-

---

[1]Caveat to Prosecuting Attorneys—The limiting words "under the circumstances of this case" should be carefully noted. In some situations the preliminary hearing may prove to be a "critical stage," as in *In re Pettit v. Rhay, supra,* and *White v. Maryland, supra.*

ceedings involved, nor was the appellant prejudiced in any manner that deprived him of due process of law.

Judgment affirmed.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.

June 23, 1965. Petition for rehearing denied.