[No. 774-1.     Division One—Panel 1.     April 13, 1971.]

JAMES R. TULLY, *Appellant*, v. THE STATE OF WASHINGTON *et al.*, *Respondents.*

*Barokas, Martin, Richey & Schaefer* and *Jack A. Richey,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *James E. Warme, Deputy,* for respondents.

HOROWITZ, C.J.—Petitioner, James R. Tully, appeals from the trial court's denial of his petition for a writ of habeas corpus. The facts are not in dispute.

On December 5, 1967, petitioner was arraigned in the court of the Hon. William Hoar, Judge of the Seattle District Justice Court of Seattle, King County, Washington. A preliminary hearing was scheduled on December 14, 1967. Prior thereto, petitioner, through his father, retained counsel for the petitioner. On December 14, 1967, a preliminary hearing was held in the court of Judge William Hoar, at which time petitioner's attorney was not present. Petitioner requested Judge Hoar to continue the preliminary hearing so that his retained attorney, Mr. Walter Greenaway, could be present to represent him. Mr. Greenaway at the time of the hearing was out of town attending to other legal business and had not been notified of the preliminary hearing date, and hence was not present. There was a notation in the court file that Mr. Greenaway was petitioner's attorney. Nevertheless, Judge Hoar denied petitioner's request. Thereafter three witnesses testified on behalf of the state. Petitioner was not skilled enough to cross-examine any of the witnesses and did not do so. He was not provided with paper or pencil to take notes. No record of the witnesses' testimony was kept of the preliminary hearing, and petitioner could not remember the substance of the testimony given.

In due course, after trial had in the superior court, defendant was convicted of the crime of grand larceny on

March 22, 1968, and then sentenced on May 17, 1968. Defendant as petitioner below filed an application for writ of habeas corpus, which came on for hearing on May 27, 1970. It was contended that defendant was denied due process of law because he was in effect denied the assistance of his retained counsel at the preliminary hearing in the justice court when his motion for a continuance was denied. The trial court, after hearing, entered findings and conclusions denying the petition because "petitioner has failed to show any specific prejudice resulting to him as a result of the failure of his attorney to attend the preliminary hearing . . ." The order denying the petition was entered on June 15, 1970.

Both at the time of the preliminary hearing and at the time of the hearing on the petition for writ of habeas corpus, the Supreme Court of Washington had held that a preliminary hearing is not a critical stage in a criminal proceeding so as to require the appointment of counsel to represent the defendant. *State v. Jackson,* 66 Wn.2d 24, 400 P.2d 774 (1965); *Summers v. Rhay,* 67 Wn.2d 898, 410 P.2d 608 (1966). *See also State v. Green,* 70 Wn.2d 955, 425 P.2d 913 (1967); *Garrison v. Rhay,* 75 Wn.2d 98, 449 P.2d 92 (1968); *State v. Ollison,* 68 Wn.2d 65, 411 P.2d 419 (1966); *State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966); Annot., 5 A.L.R.3d 1269, 1314 (1966).

On June 22, 1970, the United States Supreme Court rendered its decision in *Coleman v. Alabama,* 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999 (1970). In that case, the court held that Alabama's dispensable preliminary hearing is a "critical stage" at which the accused has the right to the appointment of counsel under the Sixth and Fourteenth Amendments, but that a conviction may be reinstated if the error is harmless under *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967), otherwise a new trial is necessary. The reasons given for holding the preliminary hearing to be a critical stage in the criminal proceedings are set out in the court's opinion as follows:

First, the lawyer's skilled examination and cross-examina-

tion of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

*Coleman v. Alabama, supra* at 9.

In Washington, as in Alabama, provision is made for preliminary hearing. RCW 10.16. However, a hearing is not mandatory. The prosecutor may file an information in the superior court in order to initiate the prosecution, thereby bypassing a preliminary hearing. *State v. Ollison, supra; State v. Kanistanaux,* 68 Wn.2d 652, 414 P.2d 784 (1966). Accordingly, the state concedes that *Coleman v. Alabama, supra,* overrules the Washington rule holding that the preliminary hearing is not a critical stage in the trial process so as to require the appointment of counsel for an indigent defendant at such a hearing.

The United States Supreme Court, however, did not decide whether *Coleman v. Alabama, supra,* had retroactive effect. We are not here concerned with other problems raised by *Coleman v. Alabama, supra;*[1] and because the instant case involves retained, not appointed, counsel, we do not reach the difficult question, on which the lower federal courts have not altogether agreed, of whether *Coleman v. Alabama, supra,* is retroactive.[2]

---

[1] *See* Comment, *Constitutional Right to Counsel at the Preliminary Hearing,* 75 Dick. L. Rev. 143 (1971); Note, *Criminal Procedure—Right to Counsel, Preliminary Hearing, Coleman v. Alabama, 399 U.S. 1 (1970),* 3 Conn. L. Rev. 366 (1971).

[2] The United States Supreme Court has not yet decided whether *Coleman v. Alabama,* 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999 (1970) is retroactive. *See,* however, *Wetzel v. North Carolina,* 399 U.S. 934, 26

■ Long prior to the date of the preliminary hearing in the instant case, the United States Supreme Court had

L. Ed. 2d 805, 90 S. Ct. 2250 (1970), denying certiorari on that question. It is possible that, under the test which requires that the new standard affect the integrity of the fact-finding process, *Coleman v. Alabama, supra,* does not sufficiently affect the reliability of the guilt determination process to be applied retroactively. On the other hand, it is possible that, under the above mentioned test, the proper distinction is between the right to counsel in court proceedings, including preliminary hearings (which have been held retroactive), and the right to counsel in proceedings out of court (which have been held to operate only prospectively). The federal courts of appeal have not entirely agreed on the question of whether *Coleman v. Alabama, supra,* is retroactive. In *Phillips v. North Carolina,* 433 F.2d 659 (4th Cir. 1970); *Konvalin v. Sigler,* 431 F.2d 1156 (8th Cir. 1970); and *United States ex rel. Bonner v. Pate,* 430 F.2d 639 (7th Cir. 1970), *Coleman* was held not retroactive. In *United States ex rel. Charbonnet v. Heyd,* 432 F.2d 91 (5th Cir. 1970), and *Schnepp v. Hocker,* 429 F.2d 1096 (9th Cir. 1970), *Coleman* was applied to a pre-*Coleman* hearing but with no reversible error being found. In *United States ex rel. Dickerson v. Rundle,* 430 F.2d 462, 473 n.2 (3d Cir. 1970), a dissenting opinion by way of dicta expressed the view that *Coleman v. Alabama, supra,* was retroactive.

Prior to *Linkletter v. Walker,* 381 U.S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731 (1965), constitutional decisions had been applied retroactively as a matter of course. Beginning with *Linkletter,* which held *Mapp v. Ohio,* 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684 (1961), not retroactive, the Supreme Court has held that there is no fixed rule as to retroactive or prospective effect and that a determination must be made in each case. As the court stated in *Stovall v. Denno,* 388 U.S. 293, 297, 18 L. Ed. 2d 1199, 1203, 87 S. Ct. 1967 (1967):

> The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.

Of the three tests, the purpose test appears to be of controlling importance. If the purpose is to correct a practice which adversely affects or derogates from the integrity of the fact-finding process, the decision will be retroactively applied. *See, e.g., Tehan v. United States ex rel. Shott,* 382 U.S. 406, 15 L. Ed. 2d 453, 86 S. Ct. 459 (1966), holding *Griffin v. California,* 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965) (violation of Fifth Amendment to comment on defendant's failure to take the stand) not retroactive, and *Johnson v. New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772 (1966), holding *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964), and *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1062, 10 A.L.R.3d 974 (1966), not retroactive.

To date all of the major cases according an individual a right to

recognized the distinction between the right of the person to the services of retained counsel, and the right to the services of appointed counsel. As stated in *Crooker v. California*, 357 U.S. 433, 439, 2 L. Ed. 2d 1448, 78 S. Ct. 1287 (1958):

> The right of an accused to counsel for his defense, . . . is of significant importance to the preservation of liberty in this country. . . . That right, secured in state prosecutions by the Fourteenth Amendment guaranty of due process, includes not only the right to have an attorney appointed by the State in certain cases, but also the right of an accused to "a fair opportunity to secure counsel of his own choice."

During the reign of *Betts v. Brady*, 316 U.S. 455, 86 L. Ed. 1595, 62 S. Ct. 1252 (1942), "the Court made it clear that denying a defendant the assistance of *his own lawyer* in *any* case, at *any* stage, on *any* issue, constituted a per se violation of 'fundamental fairness.' " L. Hall, Y. Kamisar, W. LaFave, & J. Israel, Modern Criminal Procedure 71 (3d

---

counsel in judicial proceedings have been held retroactive. *See Doughty v. Maxwell*, 376 U.S. 202, 11 L. Ed. 2d 650, 84 S. Ct. 702 (1964), holding *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963) (right to counsel at trial) retroactive; *Smith v. Crouse*, 378 U.S. 584, 12 L. Ed. 2d 1039, 84 S. Ct. 1929 (1964), holding *Douglas v. California*, 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963) (right to counsel on appeal) retroactive; *McConnell v. Rhay*, 393 U.S. 2, 21 L. Ed. 2d 2, 89 S. Ct. 32 (1968), holding *Mempa v. Rhay*, 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967) (right to counsel during sentencing proceedings) retroactive; and *Arsenault v. Massachusetts*, 393 U.S. 5, 21 L. Ed. 2d 5, 89 S. Ct. 35 (1968), which held *White v. Maryland*, 373 U.S. 59, 10 L. Ed. 2d 193, 83 S. Ct. 1050 (1963) (counsel necessary at preliminary hearing for a capital offense if guilty plea entered therein is to be valid) retroactive. However, the major cases extending the right to appointed counsel outside the courtroom have been held to operate prospectively only. *See Johnson v. New Jersey, supra,* holding *Miranda v. Arizona, supra,* and *Escobedo v. Illinois, supra* (right to counsel at interrogation) not retroactive; *Stovall v. Denno, supra,* holding *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967) and *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967) (right to counsel at lineup) not retroactive. The question of retroactivity is beset with great difficulties in application. *See* dissenting opinion of Mr. Justice Douglas and Mr. Justice Harlan in *Desist v. United States,* 394 U.S. 244, 22 L. Ed. 2d 248, 89 S. Ct. 1030 (1969).

ed. 1969). The authors also point out that in *Chandler v. Fretag,* 348 U.S. 3, 9, 99 L. Ed. 4, 75 S. Ct. 1 (1954), the court characterized the right of the petitioner "to be heard through his own counsel" as "unqualified"; and in *Ferguson v. Georgia,* 365 U.S. 570, 5 L. Ed. 2d 783, 81 S. Ct. 756 (1961), the court in effect held, in the words of L. Hall, *supra,* "that a state may not deny a criminal defendant the right to have his own counsel guide him on direct examination." *See also Powell v. Alabama,*[3] 287 U.S. 45, 69, 77 L. Ed. 158, 53 S. Ct. 55 (1932), wherein the court stated that the accused is entitled to "the guiding hand of counsel at every step in the proceedings against him."

The values protected by the right to the services of retained counsel, though related to, are nevertheless distinguished from and in addition to a person's need of effective counsel. Effective appointed counsel insures the protection of a reliable guilt determining process, and such protection is given even if the designated client may not have confidence in his attorney, or, for that reason, may not want him.

The right to retained counsel, however, is needed to better protect the dignity of the client. Standing accused, the defendant's very honor, personal integrity, and liberty are threatened and by a system of justice whose workings he probably does not understand, but whose importance and power are readily apparent. One of the purposes of the right of appearing by retained counsel of one's choice is to provide the defendant, through choice of the lawyer in whom he has confidence, of the needed psychological assurance necessary to retain the dignity which is his and which a system of civilized justice must respect. Consequently,

---

[3] In *Powell* the court made the following statement with regard to the privilege of appearing through retained counsel:

If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.

*Powell v. Alabama, supra* at 69.

the defendant is entitled to "the guiding hand of counsel at every step in the proceedings against him." *Powell v. Alabama, supra,* at 69. It will be seen, therefore, that the values to be protected do not necessarily depend upon whether appearance by retained counsel is at a critical stage of the criminal proceedings. Even in a non-critical stage of the proceedings, respect for the accused's dignity requires that he be allowed to appear through counsel he retains for that purpose. The stage of the proceedings, however, may determine whether the denial of such a right is harmless.

The view that the right to appear by retained counsel is not limited to a critical stage in the criminal proceedings is supported by *State v. Agresta,* 5 Conn. Cir. 242, 250 A.2d 346 (1968). There the court upheld the right of a defendant to retained counsel in a preliminary hearing. In that case defendants were convicted in a circuit court of frequenting a gambling house in violation of Connecticut law. The court was informed at a preliminary hearing that defendants had retained new counsel. The court then requested that defendants testify that they had retained new counsel to represent them throughout the proceedings. The newly retained counsel agreed that his clients' testimony could be taken for that limited purpose. The defendants took the stand, but the court's interrogation went well beyond the limited inquiry contemplated, calling for answers which could have resulted in injurious disclosures. Counsel's objection to the extended interrogation was overruled, and the court declined to permit the defendants to seek the advice of their newly retained counsel in connection with answering the questions propounded by the court. The appellate division of the circuit court reversed the conviction because of the denial of the right to assistance of retained counsel at the preliminary hearing. No distinction was made between a critical and non-critical stage of the proceedings. The court said:

Our Connecticut constitution (1965) by § 8 of article first provides: "In all criminal prosecutions, the accused

shall have a right to be heard by himself and by counsel. . . . No person shall be compelled to give evidence against himself. . . ." See General Statutes § 54-84. "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence." U.S. Const. Amend. VI. "The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours." *Gideon v. Wainwright*, 372 U.S. 335, 344. . . . Moreover, a defendant's right to be heard through his own counsel is unqualified. *Chandler v. Fretag*, 348 U.S. 3, 9. "A defendant in a criminal case has a right to counsel at every stage of the proceeding." *United States v. Wilson*, 133 F. Sup. 664, 665. "The right to counsel is such a basic and fundamental right as to require its uniform availability to those accused of crime in both state and federal courts."

*State v. Agresta, supra* at 246.

■ In Washington, Const. art. 1, § 22 (amendment 10) provides: "In criminal prosecutions the accused shall have the right to appear and defend in person, and by counsel . . ." *See also* Const. art. 1, § 3; RCW 10.46.050; RCW 10.01.110. Washington, therefore, in addition to being subject to the fourteenth amendment to the United States Constitution, as interpreted by the United States Supreme Court (*e.g., Crooker v. California, supra*), is also subject to the mandate of its own constitution and statutes on the subject of right to counsel. In the instant case, at the time of the hearing before the justice court, the prior Washington cases held that, for purposes of determining whether counsel should be appointed for an indigent defendant, the dispensable preliminary hearing was not a critical stage in the criminal proceedings. However, no Washington case has held, for that reason, that the denial of retained counsel is not error. Had the justice court in the instant case recognized the long-standing distinction between the right to appear by retained counsel and the right to appear by appointed counsel, it would have been compelled to grant defendant's motion for continuance so the defendant might be represented at the preliminary hearing through his own

counsel. The denial of the motion constituted error per se of constitutional proportions.

It does not follow, however, that the sanction to be applied calls for reversal and dismissal. It would be pointless, of course, to grant defendant another preliminary hearing with retained counsel in an attempt to replace the one denied. Nevertheless, in the event of a new trial, defendant, for all practical purposes, by virtue of his trial on the merits, will have received the benefits he lost at the preliminary hearing. Although *Coleman* summarizes these benefits, their nature had long been known. In prior Washington decisions, deprivation of appointed counsel for an indigent defendant in a preliminary hearing had not been held violative per se of a defendant's constitutional right to counsel. Nevertheless, if prejudice in fact existed, the denial of counsel was treated as a denial at a critical stage in the criminal proceedings and the defendant, if convicted, was entitled to a new trial. The burden of showing prejudice in fact was placed upon the defendant. *See State v. Jackson, supra; Summers v. Rhay, supra; State v. Louie, supra.* Had the court held that a denial of counsel at the preliminary hearing was a violation per se of the defendant's constitutional rights, then, as held in other cases involving violation of constitutional rights, prejudice would have been presumed and the burden of showing the absence of prejudice would have been upon the state. *State v. Bogner,* 62 Wn.2d 247, 382 P.2d 254 (1963); *State v. Lampshire,* 74 Wn.2d 888, 447 P.2d 727 (1968). The rule placing the burden upon the state to show the absence of prejudice was considered in *Chapman v. California, supra,* involving a case of constitutional error, in which the Supreme Court of the United States required that "the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. at 24. In the habeas corpus proceedings below, the trial court placed the burden of proving the existence of prejudice upon the defendant, and the kind of prejudice that was apparently considered did not include consideration of the elements of prejudice later summarized in *Coleman v. Ala-*

*bama, supra.* Having determined, however, that the denial to the defendant of his right to appear by retained counsel was an error of constitutional proportions, it follows that prejudice is presumed and that the burden is upon the state to prove the absence of prejudice. The prejudice to which we refer is the kind of prejudice summarized in *Coleman,* and is not limited to the kind of prejudice which, in prior decisions, had been held to be the standard for purposes of determining whether the preliminary hearing was a critical stage in criminal proceedings so as to require the appointment of counsel for an indigent defendant.

In *Coleman v. Alabama, supra,* the cause was reversed for the purpose of holding a hearing on the issue of whether defendant had been prejudiced by the denial of counsel at the preliminary hearing, with the provision, however, that the state should have the burden of showing that the error was harmless under the rule of *Chapman v. California, supra.* The court also directed attention to *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967), and *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967). We believe the sanction there employed is appropriate here. It is therefore ordered that the case be remanded with directions to the trial court to hold a hearing on whether the denial of retained counsel by the justice court was harmless under the rule of *Chapman v. California, supra,* the state to have the burden of proving the error to be harmless. If the trial court finds that the error was harmless, applying the *Chapman* test, the judgment below is affirmed. If, however, the court finds, applying the *Chapman* rule, that there is a failure to show the absence of prejudice to the defendant, the defendant is awarded a new trial.

Remanded with directions.

UTTER and WILLIAMS, JJ., concur.