[No. 526-1.    Division One—Panel 2.    July 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. FREDERICK GENE RINEHART, *Appellant*.

*Lyman W. Hull*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Charles J. Covello, Deputy,* for respondent.

JAMES, J.—Frederick Gene Rinehart was tried with another and convicted of second-degree burglary. His trial counsel gave notice of appeal.

Rinehart's appointed counsel on appeal filed a motion to withdraw, stating that he was unable to discover any error which might arguably support the appeal, and that he believes that the appeal is wholly frivolous, thus bringing the case within the rule of *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

As required by *Anders,* a copy of the brief in support of the motion to withdraw was served upon Rinehart, who filed a pro se motion to strike his appointed counsel's brief.

In support of his motion to withdraw, counsel asserts that Rinehart was properly represented at all times; that objections made to the state's evidence were either sustained or withdrawn; that no evidence was offered in behalf of Rinehart; and that no exceptions were taken to any of the instructions. The state agrees that the appeal is frivolous.

On the other hand, Rinehart, in his pro se pleading, claims that the trial court committed error in admitting a pistol into evidence. No objection to its admission was made at trial.

A trial court must be given an opportunity to correct trial errors. *State v. Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966). Rinehart offers no reasons or authority to support his claim of error. We find it to be without merit.

Rinehart further asserts that it was error for the trial court to submit a special verdict requiring the jury to determine whether he was armed with a deadly weapon at the time the burglary was perpetrated. No exception was taken at trial. The special verdict is required by RCW 9.95.015, and Rinehart advances no argument in support of his assignment of error. We find the assignment to be without merit.

Rinehart's final claim is that he was not represented by counsel at the preliminary hearing which culminated in his being bound over to superior court for trial.

■ A preliminary hearing though dispensable under Washington statutes, is nevertheless, if held, a "critical stage" in a criminal proceeding. An accused's right to counsel at all critical junctures is constitutionally guaranteed. *Coleman v. Alabama,* 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999 (1970); *State v. LaRue,* 5 Wn. App. 299, 487 P.2d 255 (1971).

Upon the filing of Rinehart's pro se motion to strike his counsel's brief, counsel and the state were directed to file supplemental briefs and additional portions of the record so that Rinehart's claim might be fully considered.

The facts so developed establish that a lawyer whom Rinehart claimed he had retained failed to appear at the preliminary hearing. Thereupon the district court judge appointed an able and experienced lawyer who was present in the courtroom to represent Rinehart. The state presented the testimony of three witnesses who were cross-examined by appointed counsel. Rinehart was not bound over for trial at the conclusion of the first hearing. The appointed counsel represented Rinehart at the continued hearing which resulted in the bindover. Thereafter, the appointed counsel communicated with the lawyer whom Rinehart had sought to retain and gave him the notes taken at the preliminary hearing. In superior court, upon a showing of indigency, the lawyer sought by Rinehart was appointed to represent him. Trial counsel raised no objections concerning the preliminary hearing.

We find that Rinehart was effectively represented at the preliminary hearing and that he was fully afforded his constitutional right to counsel. *Cf. Tully v. State,* 4 Wn. App. 720, 483 P.2d 1268 (1971).

Our independent examination of the record reveals no arguable error. We find that the appeal is without merit

and wholly frivolous. Appointed counsel's motion to withdraw is granted and the appeal is dismissed.

FARRIS, A.C.J., and SWANSON, J., concur.