**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
DECEMBER 7, 2023

González, C.J.
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
DECEMBER 7, 2023

ERIN L. LENNON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 101159-8 |
| Respondent, | ) | |
| v. | ) | En Banc |
| MITCHELL HENG, | ) | Filed: December 7, 2023 |
| Petitioner. | ) | |

GONZÁLEZ, C.J.— A person charged with a crime has a right to counsel under our constitutions and under our court rules. Violation of that right is, at least, constitutional error. A violation of that right at critical stages of criminal proceedings is structural error.

Mitchell Heng was charged with murder, arson, and robbery and was brought before a judge for a preliminary hearing without counsel. At that preliminary hearing, the judge set bail, among other things. Heng argues that counsel should have been present. We agree. But Heng has not shown that the hearing was a critical stage of the prosecution. Because we are persuaded that the violation did not contribute to the verdict, we affirm the courts below.

*State v. Heng*, No. 101159-8

FACTS

Amy Hooser was killed in an apparent robbery of her workplace, Sifton Market. Surveillance footage captured images of Heng, in a blood-stained shirt, at the scene with a lighter in his hands. Police arrested Heng shortly afterward.

The next day, Heng was charged with first degree murder, first degree robbery, and first degree arson. At his initial appearance, counsel was appointed but was not yet present. The State successfully requested that bail be set at $2 million based the nature of the offense, Heng's criminal history, and a purported lack of community ties. Heng's counsel appeared at his next hearing but declined to challenge bail.

Heng spent the next 31 months in jail awaiting his trial. While in jail, he made many phone calls. Heng was informed that jail phone calls are recorded. During those recorded phone calls, Heng described the events of the night and said someone else had killed Hooser. His descriptions of what happened that night in Sifton Market were not consistent.

Heng's theory at trial was that a drug dealer, not visible in the surveillance footage, had killed Hooser and had forced Heng to burn down the market. The State impeached Heng using his jail calls and police interviews, highlighting different versions of the story he had told over time. The State also introduced a large amount of direct evidence against Heng, including the video evidence that

2

*State v. Heng*, No. 101159-8

placed him at the market where the victim was killed, video evidence that

suggested he had set the fire that burned down the market, DNA evidence from the

victim in Heng's car, and more. A jury convicted Heng of first degree murder and

first degree arson, and he was sentenced to 374 months in prison.

Heng appealed arguing, among other things, that his right to counsel had

been violated at a critical stage of the prosecution. The Court of Appeals held that

the preliminary hearing was not a critical stage and that any violation of the right to

counsel was harmless beyond a reasonable doubt. *State v. Heng*, 22 Wn. App. 2d

717, 742, 512 P.3d 942 (2022), *review granted in part*, 200 Wn.2d 1025 (2023).

We granted review on issues related to the bail hearing[1] and set it as a

companion to *State v. Charlton*, which also involves deprivation of counsel at

preliminary hearings. 23 Wn. App. 2d 150, 159, 515 P.3d 537 (2022), *review

granted*, 200 Wn.2d 1025 (2023).

ANALYSIS

I. The Right to Counsel

The Sixth Amendment to the federal constitution and article I, section 22 of

our state constitution both guarantee criminal defendants the right to counsel. *State

v. Heddrick*, 166 Wn.2d 898, 909-10, 215 P.3d 201 (2009) (citing U.S. CONST.

---

[1] Heng devotes a portion of his supplemental brief renewing his argument that trial counsel's failure to ask the court to reconsider its decision on bail. We decline to reach this issue as it is outside of the scope of our order granting review. *See* RAP 13.7(b).

3

*State v. Heng*, No. 101159-8

amend. VI; WASH. CONST. art. 1, § 22; *State v. Everybodytalksabout*, 161 Wn.2d

702, 708, 166 P.3d 693 (2007)); *see also Powell v. Alabama*, 287 U.S. 45, 69, 53

S. Ct. 55, 77 L. Ed. 158 (1932) (holding that a defendant has the right to counsel

because even if "not guilty, he faces the danger of conviction because he does not

know how to establish his innocence"). The right to counsel attaches under the

Sixth Amendment at a defendant's "first appearance before a judicial officer"

where "a defendant is told of the formal accusation against him and restrictions are

imposed on his liberty." *Rothgery v. Gillespie County*, 554 U.S. 191, 194, 128 S.

Ct. 2578, 171 L. Ed. 2d 366 (2008) (citing *Brewer v. Williams*, 430 U.S. 387, 398-

99, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977)).

Our court rules also guarantee the right to counsel. CrR 3.1; *State v.*

*Templeton*, 148 Wn.2d 193, 212, 59 P.3d 632 (2002) ("Promulgation of state court

rules creates procedural rights." (citing *In re Welfare of Messmer*, 52 Wn.2d 510,

512, 326 P.2d 1004 (1958))). Under CrR 3.1,"[t]he right to a lawyer shall accrue as

soon as feasible after the defendant is taken into custody, appears before a

committing magistrate, or is formally charged, whichever occurs earliest." CrR

3.1(b)(1). This rule-based right extends to "all criminal proceedings" and requires

counsel at "every stage of the proceeding." CrR 3.1(a), (b)(2)(A); *accord State v.*

*Copeland*, 130 Wn.2d 244, 282, 922 P.2d 1304 (1996); *see also* CrR 3.2.1(e)(1)

4

*State v. Heng*, No. 101159-8

(requiring courts to provide lawyers at preliminary appearances after a warrantless

arrest).

Our rule also provides that counsel "shall" be provided "as soon as feasible

after the defendant has been arrested, appears before a committing magistrate, or is

formally charged," providing broader protections than our constitutions. CrR

3.1(b)(1); *cf. Templeton*, 148 Wn.2d at 210-12 (quoting CrRLJ 3.1(b)(1)), 218-19

(citing *Heinemann v. Whitman County*, 105 Wn.2d 796, 802, 718 P.2d 789

(1986)).[2]

Importantly, technological progress has made it increasingly feasible to have

counsel present at a defendant's first judicial appearance, even in small counties.

*See, e.g.*, Ord. Regarding Ct. Operations after Oct. 31, 2022, No. 25700-B-697, at

4 (Wash. Oct. 27, 2022) ("Courts should continue to allow telephonic or video

appearances for all scheduled criminal and juvenile offender hearings whenever

---

[2] While *Templeton* dealt with the criminal rules for courts of limited jurisdiction, not superior court, we find it helpful. First, the rules mandating counsel are essentially identical. *Compare* CrR3.1(a), (b)(1), *with* CrRLJ 3.1(a), (b)(1). The rules differ on when counsel should be provided, but CrR 3.1's language suggests *broader* applicability and expanded requirements. *Compare* CrR 3.1(b)(2) ("A lawyer shall be provided at *every* stage of the proceedings." (emphasis added)), *with* CrRLJ 3.1(b)(2) ("A lawyer shall be provided at every critical stage of the proceedings."). Second, CrRLJ 3.1 "appears to have been written both to effectuate the United States Supreme Court's decision in *Miranda* [*v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)] and to ensure that defendants will be afforded the right to counsel at all critical stages of the proceedings." *Heinemann*, 105 Wn.2d at 802. CrR 3.1 cannot provide less than what our constitutions require, and the Court of Appeals has applied *Templeton*'s holding equally to CrR 3.1. *E.g.*, *State v. Ackerman*, No. 77807-2-I, slip op. (unpublished portion) at 13 (Wash. Ct. App. Dec. 2, 2019) (citing *Templeton*, 148 Wn.2d at 207), https://www.courts.wa.gov/opinions/pdf/778072.pdf.

*State v. Heng*, No. 101159-8

appropriate."). Because it is increasingly feasible, courts are required to provide

counsel at earlier stages than was previously possible. *See Khandelwal v. Seattle*

*Mun. Ct.*, 6 Wn. App. 2d 323, 338, 431 P.3d 506 (2018) (noting that the word

"shall" in our right to counsel rules mandates strict compliance with the rule). At

oral argument, counsel for the State acknowledged that providing counsel at

preliminary hearings would place no extra burden on the State because

> following COVID, we've utilized video proceedings to always have
> indigent defense counsel present via video so that if other attorneys
> who are actually appointed to the case are not available to be present
> to represent their client at these preliminary appearances, the . . . on
> duty indigent defense attorney who's appearing via video can step in
> just for that proceeding. So, that would have no impact on our county
> at least and would be . . . we would brook no issue with that . . .
> decision anyway.

Wash. Sup. Ct. oral argument, *State v. Heng*, No. 101159-8 (June 15, 2023), at 22

min., 12 sec., *video recording by* TVW, Washington State's Public Affairs

Network, https://tvw.org/video/washington-state-supreme-court-2023061146/.

Simply put, defendants must have counsel present, at least virtually, at their

first preliminary appearance before a judge unless it is simply not feasible for some

extraordinary reason.[3] Administrative convenience, lack of funds, or shortage of

---

[3] We note that a defendant's right to counsel may attach before their first appearance before a judge. *See Copeland*, 130 Wn.2d at 282 (1996) (rejecting State's argument that "criminal proceedings" for CrR 3.1 purposes "have begun only if the defendant has been arrested, and it intends to charge him with a crime"). While the right to counsel may be waived, any waiver must meet constitutional standards. *See State v. Tetzlaff*, 75 Wn.2d 649, 651-52, 453 P.2d 638 (1969).

*State v. Heng*, No. 101159-8

defense counsel are not adequate reasons to deprive a person accused of a crime of counsel. *See Wilbur v. City of Mount Vernon*, 989 F. Supp. 2d 1122, 1137 (W.D. Wash. 2013) ("[S]tate courts must appoint counsel for indigent defendants who cannot afford to retain their own lawyer."); *cf. In re Det. of D.W.*, 181 Wn.2d 201, 208, 332 P.3d 423 (2014) (holding that lack of funds cannot justify the State's failure to provide required services (quoting *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1121 (9th Cir. 2003)).

A person facing criminal charges needs counsel at their first preliminary appearance to protect their constitutional rights while the court decides bail and other important questions. *See Coleman v. Alabama*, 399 U.S. 1, 9, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970) (plurality portion) (highlighting the importance of counsel to argue for procedural safeguards like "early psychiatric examination or bail"). Bail hearings "are frequently hotly contested and require a court's careful consideration of a host of facts about the defendant and the crimes charged." *United States v. Abuhamra*, 389 F.3d 309, 323 (2d Cir. 2004). Our own court rules on pretrial release and bail require exactly that kind of fact-intensive inquiry before the State can restrain an accused's liberty. CrR 3.2 (requiring courts to presume release on personal recognizance in noncapital cases and requiring fact-intensive analysis before imposing bail or other release conditions); CrR 3.2.1 (explaining similar procedures for preliminary hearing after warrantless arrest); CrRLJ 3.2.1

7

*State v. Heng*, No. 101159-8

(explaining similar procedures for preliminary hearing after warrantless arrest for limited jurisdiction courts). A person the State accuses of a crime needs counsel to navigate these rules. *Coleman*, 399 U.S. at 9.

Accordingly, Heng was entitled to have his counsel present at his first preliminary hearing. The failure to have his counsel present was error.

## II. Structural Error

Next, we must decide whether the preliminary hearing here was a critical stage of the prosecution. If so, the failure to have Heng's counsel present was structural error requiring automatic reversal. *Heddrick*, 166 Wn.2d at 910, 910 n.9 (citing *United States v. Cronic*, 466 U.S. 648, 658-59, 659 n.25, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984); *Bell v. Cone*, 535 U.S. 685, 696 n.3, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002)). Generally, a critical stage is one where "'a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected.'" *Id.* at 910 (quoting *State v. Agtuca*, 12 Wn. App. 402, 404, 529 P.2d 1159 (1974)); *see also White v. Maryland*, 373 U.S. 59, 60, 83 S. Ct. 1050, 10 L. Ed. 2d 193 (1963) (noting that a preliminary hearing became a critical stage by virtue of the fact the defendant pleaded guilty). If a trial court reasonably anticipates that a hearing is such a stage of the prosecution, defense counsel should be present.

8

*State v. Heng*, No. 101159-8

But not all pretrial hearings are critical stages. To determine whether a given hearing was a critical stage on review, we must examine a hearing's "substance and not merely [its] form," *State v. Jackson*, 66 Wn.2d 24, 28, 400 P.2d 774 (1965), and "[i]f there is no possibility that a defendant is or would be prejudiced in the defense of [their] case, then this court will be reluctant to overturn the result of a fair trial," *id.* Even though witnesses were examined at the hearing in *Jackson*, we concluded it was not a critical stage because the defendant failed to show "that lack of counsel at the hearing resulted in an absence of fairness at the trial." *Id.* at 29; *see also Gerstein v. Pugh*, 420 U.S. 103, 124-26, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975) (holding that Fourth Amendment probable cause hearing does not require adversary hearing and so is not a critical stage); *United States v. Gouveia*, 467 U.S. 180, 191, 104 S. Ct. 2292, 81 L. Ed. 2d 146 (1984) (holding that preindictment investigative proceedings are not critical stages).

We recognize that courts have not been entirely consistent in describing when a hearing is a critical stage of the prosecution for purposes of structural error analysis. *E.g.*, *Coleman*, 399 U.S. at 10-11 (remanding erroneous deprivation of counsel at critical stage "to determine whether such denial of counsel was harmless error" (citing *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967); *United States v. Wade*, 388 U.S. 218, 242, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967))); *Tully v. State*, 4 Wn. App. 720, 726-28, 483 P.2d 1268 (1971)

9

*State v. Heng*, No. 101159-8

(holding that the failure to continue preliminary hearing was constitutional error and remanding for determination of prejudice (citing *Powell*, 287 U.S. at 69)). More recently, the Supreme Court has clarified that denial of counsel at a pretrial hearing is structural error only if that error "affected—and contaminated—the entire proceeding." *Satterwhite v. Texas*, 486 U.S. 249, 257, 108 S. Ct. 1792, 100 L. Ed. 2d 284 (1988). That requires us to examine the effect of the error on the defendant's case.

Heng argues that bail setting is always a critical stage of the proceedings because the deprivation of liberty is enormous, the potential impact on the trial is significant, and the facts underlying that decision are often disputed. In support, amici call to our attention studies on the negative effects of pretrial detention on the lives of detainees that show how pretrial detention and the bail system negatively affect detainees' personal lives, finances, employment, and housing. Br. of Amici Curiae Wash. Ass'n of Crim. Def. Laws., Am. Civ. Liberties Union of Wash. Found., Wash. Def. Ass'n, and King County Dep't of Pub. Def. (Amici Br.) at 15-17. Heng cites several courts that have concluded, based in part on these widely documented effects, that bail hearings are critical stages of criminal prosecutions. *Booth v. Galveston County*, 352 F. Supp. 3d 718, 738-39 (S.D. Tex. 2019); *Hurrell-Harring v. State*, 15 N.Y.3d 8, 20, 930 N.E.2d 217, 904 N.Y.S.2d

*State v. Heng*, No. 101159-8

296 (2010); *State v. Fann*, 239 N.J. Super. 507, 519-20, 571 A.2d 1023 (Law Div. 1990).

But *Booth*, *Hurrell-Harring*, and *Fann* were not analyzing the nature of a bail hearing in the context of a criminal appeal. Both *Booth*, 352 F. Supp. 3d at 724, and *Hurrell-Harring*, 15 N.Y. 3d at 15-16, were civil cases challenging bail procedures. *Fann* was a pretrial challenge to bail procedures. 239 N.J. Super. at 509-10. These external consequences may well merit attention if a defendant can show they substantively affected their specific case. *Cf. D.W.*, 181 Wn.2d at 208 (holding that lack of funds cannot justify the State's failure to provide required services). They are not helpful in deciding whether a bail hearing was a critical stage in a particular case.

We hold that a critical stage is one where a defendant's rights were lost, defenses were waived, privileges were claimed or waived, or where the outcome of the case was otherwise substantially affected. *Heddrick*, 166 Wn.2d at 910. Counsel should always be present at all preliminary hearings because that is what the federal and state constitutions and our rules require. On review, however, in deciding whether to impose automatic reversal we consider if rights were lost in a

11

*State v. Heng*, No. 101159-8

way that demonstrably affected the outcome of the case. *See Coleman*, 399 U.S. at 9; *Jackson*, 66 Wn.2d at 28.[4]

Here, none of the situations we identified in *Heddrick* apply, and Heng's case was not demonstrably affected by his counsel's absence. Heng lost no rights, waived no defenses, and neither claimed nor waived privileges. The judge appointed counsel, set bail, and then entered a not guilty plea on Heng's behalf. Heng did not lose his ability to challenge bail. His counsel decided not to challenge bail when counsel actually appeared at the next hearing.

We hold that Heng's first preliminary hearing was not a critical stage under *Heddrick*, and the absence of counsel at that hearing was not structural error. Accordingly, constitutional harmless error analysis applies.

### III. Constitutional Harmless Error

Under constitutional harmless error analysis, the court will reverse unless it is persuaded beyond a reasonable doubt that the error did not contribute to the verdict. *State v. Orn*, 197 Wn.2d 343, 359, 482 P.3d 913 (2021) (quoting *State v. Romero-Ochoa*, 193 Wn.2d 341, 347, 440 P.3d 994 (2019)). We place such a heavy burden on the State to "deter . . . conduct" that "undermines the principle of

---

[4] We note in passing that not all errors that are structural on direct review are structural on collateral review. *Compare State v. Wise*, 176 Wn.2d 1, 6, 288 P.3d 1113 (2012) (holding a violation of the right to a public trial is structural and requires automatic reversal), *with In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 116, 340 P.3d 810 (2014) (plurality opinion) (requiring showing of prejudice to reverse). Whether denial of counsel at a critical stage would be structural error on collateral review is not before us.

12

*State v. Heng*, No. 101159-8

equal justice and is so repugnant to the concept of an impartial trial that its very existence demands that appellate courts set appropriate standards to deter such conduct." *State v. Monday*, 171 Wn.2d 667, 680, 257 P.3d 551 (2011); *see also State v. Jackson*, 195 Wn.2d 841, 856, 467 P.3d 97 (2020).

Denial of bail comes with heavy consequences for the accused. As amici note, "[A]n individual detained pretrial is more likely to be convicted and more likely to plead guilty in light of the pressures of incarceration." Amici Br. at 15-16 (citing LÉON DIGARD & ELIZABETH SWAVOLA, VERA INST. OF JUST., JUSTICE DENIED: THE HARMFUL AND LASTING EFFECTS OF PRETRIAL DETENTION 3-5 (Apr. 2019), www.vera.org/downloads/publications/Justice-Denied-Evidence-Brief.pdf [https://perma.cc/525P-ZQ5C]). One study found that longer pretrial detentions can increase the likelihood of defendants failing to appear at trial, being arrested on a new charge pending trial, and reoffending posttrial. *Id.* at 16-17 (citing CHRISTOPHER T. LOWENKAMP ET AL., LAURA & JOHN ARNOLD FOUND., THE HIDDEN COSTS OF PRETRIAL DETENTION 4 (Nov. 2013), https://craftmediabucket.s3.amazonaws.com/uploads/PDFs/LJAF_Report_hidden-costs_FNL.pdf [https://perma.cc/G2C2-VXJ6]). That same study also found that "delaying pretrial release for 8-14 days results in the defendant being 41% more likely to commit a new criminal offense compared with an individual who obtained prompt pretrial release." *Id.* at 17. Amici also present evidence that "'[B]lack

13

*State v. Heng*, No. 101159-8

people are subject to pretrial detention more frequently, and have bail set at higher amounts, than white people who have similar criminal histories and are facing similar charges.'" *Id.* at 20 (alteration in original) (quoting ELIZABETH HINTON ET AL., VERA INST. OF JUST., AN UNJUST BURDEN: THE DISPARATE TREATMENT OF BLACK AMERICANS IN THE CRIMINAL JUSTICE SYSTEM 8 (May 2018), https://www.vera.org/downloads/publications/for-the-record-unjust-burden-racial-disparities.pdf [https://perma.cc/AZM6-6K98]). The continued failure to ensure that counsel is present at bail hearings may warrant some form of relief. *See, e.g.*, *Wilbur*, 989 F. Supp. 2d at 1134 (providing injunctive relief for mass deprivations of counsel because the government is "obligated to comply with the dictates of the Sixth Amendment, and the Court will 'not shrink from [its] obligation to enforce the constitutional rights of all persons'" (alteration in original) (quoting *Brown v. Plata*, 563 U.S. 493, 131 S. Ct. 1910, 179 L. Ed. 2d 969 (2011))).

But in this case the State presented overwhelming evidence of Heng's guilt, including video evidence placing him at the market where the victim was killed, video evidence suggesting he set the fire that burned down the market where the victim was killed, DNA evidence from the victim in Heng's car, and more.

Heng essentially argues that had he not been in jail, his trial theory that someone else had committed the murder would not have been impeached by the recorded jail phone calls. But those impeaching phone calls happened after counsel

14

decided not to challenge bail and were only a small part of the evidence against him. Heng has also given us no reason to believe that had counsel been present at his preliminary hearing, he might have been released.

While denying Heng counsel at his first preliminary appearance was error, we conclude that the error was harmless beyond a reasonable doubt.

CONCLUSION

The failure to have counsel present at Heng's first preliminary hearing was constitutional error. While we by no means countenance counsel's absence, under these facts we are persuaded that the error was harmless. Accordingly, we affirm the courts below and remand for further proceedings consistent with this opinion.

*State v. Heng*, No. 101159-8

_____
Gonz8lez, C.J.

WE CONCUR:

_____
Johnson, J.

_____
Gordon McCloud, J.

_____
Madsen, J. - RESULT ONLY

_____

_____
Owens, J.

_____
Montoya-Lewis, J.

_____
Stephens, J.

_____
Lawrence-Berrey, J.P.T.

16

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Heng*, No. 101159-8
(Yu, J., concurring)

No. 101159-8

YU, J. (concurring) — I agree with the majority that criminal defendants "must have counsel present . . . at their first preliminary appearance before a judge," at the latest. Majority at 6, 7 n.3. I also agree that Mitchell Heng "was entitled to have his counsel present at his first preliminary hearing" and that "[t]he failure to have his counsel present was error." *Id.* at 8. Finally, I agree with the majority that current law does not provide a remedy for this error under the circumstances that occurred. *Id.* at 15. Therefore, I respectfully, though reluctantly, concur.

However, I write separately because this case illustrates the need for us to develop a more robust protection of the right to counsel for the accused. The record shows that Heng explicitly asserted his right to appointed counsel at his preliminary hearing. The trial court formally appointed counsel for Heng but stated there was "just not enough time" to wait for defense counsel to arrive. 1 Tr.

1

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Heng*, No. 101159-8
(Yu, J., concurring)

of Proc. (Jan. 20, 2017) at 6-7. Instead, the court immediately moved on to determine "bail and release," with only counsel for the State present. *Id.* at 7. Neither the trial court nor the prosecutor expressed surprise or concern that Heng was unrepresented at his preliminary appearance, suggesting this was not an unusual occurrence.

As the majority correctly recognizes, this was a clear violation of Heng's right to counsel. Beyond basic constitutional requirements, our court rules "provid[e] broader protections than our constitutions" by "requir[ing] counsel at '*every* stage of the proceeding'" in a criminal case. Majority at 5 (emphasis added) (quoting CrR 3.1(b)(2)(A)). Moreover, the State has acknowledged that complying with court rules and "providing counsel at preliminary hearings would place no extra burden on [it]." *Id.* at 6. Thus, the violation of Heng's right to counsel was both clear and apparently unnecessary. Yet, Heng has no recourse on appeal. While I recognize that our current state constitutional framework supports the majority's decision to affirm, I am troubled by the hand-wringing fear of retroactive reversal of cases and the subsequent lack of accountability that will follow in the actual implementation of the right to counsel at every level of court in every legal proceeding. Will the result in this case serve to increase the likelihood of similar violations in future cases?

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

I firmly believe that this court should make a commitment going forward to ensure that defense counsel is present at every defendant's first appearance before a judicial officer and at every subsequent appearance thereafter. *Any* preliminary proceeding can ultimately change the outcome of a case, sometimes in "way[s] that demonstrably affect[ ] the outcome" and sometimes in ways that are less obvious but equally significant. *Id.* at 12. As the majority correctly acknowledges, defense counsel's presence is vital to protect the defendant's rights "while the court decides bail and other important questions." *Id.* at 7 (citing *Coleman v. Alabama*, 399 U.S. 1, 9, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970) (plurality portion)). Empirical studies have also shown that a court's decisions on bail and pretrial release conditions can have devastating effects for the defendant, "both in their court cases and in their lives." LÉON DIGARD & ELIZABETH SWAVOLA, VERA INST. OF JUST., JUSTICE DENIED: THE HARMFUL AND LASTING EFFECTS OF PRETRIAL DETENTION, 2 (Apr. 2019), https://www.vera.org/downloads/publications/Justice-Denied-Evidence-Brief.pdf [https://perma.cc/525P-ZQ5C]. As amici explain, the lack of counsel at the first appearance "exacerbate[s] racial disparities in the criminal legal system" as pretrial detention "disproportionately impact[s]" communities of color. Br. of Amici Curiae Wash. Ass'n of Crim. Def. Laws., Am. Civ. Liberties Union of Wash. Found., Wash. Def. Ass'n, & King County Dep't of Pub. Def. at 14-15. Further, the lack of counsel "undermine[s] the integrity of criminal investigations"

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Heng*, No. 101159-8
(Yu, J., concurring)

because "[e]ven a brief private conversation" between a defendant and their counsel "can be crucial" to their defense. *Id.* at 14, 22. Yet, "[d]isentangling the possible effects of pretrial detention from the many other conditions that could influence outcomes is difficult." DIGARD & SWAVOLA, *supra*, at 4. As a result, it is nearly impossible for a defendant to show that the absence of counsel at a preliminary appearance in their "particular case . . . demonstrably affected the outcome." Majority at 11-12.

Therefore, while I acknowledge that the majority in this case correctly applies existing law, I write separately to highlight the need for stricter and more precise obligations protecting the right to counsel in our court rules. Our rules should explicitly and affirmatively provide that the right to counsel attaches at the moment of the first appearance before a judicial officer and at every appearance thereafter unless validly waived. No hearing before a judicial officer in a criminal prosecution should occur without the presence of defense counsel, and if defense counsel cannot be present, the proceedings must be halted until counsel returns. And most importantly, we should enact an enforcement mechanism that has significant consequences. Adopting such proactive protections in our court rules would allow us to move past the backward-looking analysis employed by today's majority, and toward fully recognizing that every deprivation of counsel matters.

4

*State v. Heng*, No. 101159-8
(Yu, J., concurring)

All criminal defendants have the right to counsel at the first appearance before a judicial officer and all hearings thereafter. This court owes it to defendants and to the cause of justice to protect that right.

For these reasons, I respectfully concur.

_____
Yu, J.

5