[No. 1169-1. Division One—Panel 1. July 17, 1972.]

THE STATE OF WASHINGTON, *Appellant,* v. WALLACE GRAHAM LAKE, *Respondent.*

Robert E. Schillberg, Prosecuting Attorney, Donald J. Hale and David G. Metcalf, Deputies, for appellant.

William G. Ingalls, for respondent.

HOROWITZ, C.J.—The questions presented primarily involve the proper standard of proof required of a petitioner under RCW 10.76.070 who seeks to be discharged from confinement as a criminally insane person. At the trial below and while the state's appeal was pending from a judgment in favor of petitioner ordering his discharge, the Supreme Court of Washington decided State v. Blubaugh, 80 Wn.2d 28, 491 P.2d 646 (1971). Blubaugh laid down a standard of proof different from the standard embodied in the court's instructions and different from that urged by the state. The posture of this case on appeal is such, however, that we find no reversible error and affirm.

Petitioner Lake was originally charged by information in the Superior Court for Snohomish County with first-degree murder as a result of a shooting incident in Sultan, Washington, on April 15, 1966. On December 3, 1966, after trial had, the jury found that Lake had committed the crime charged, but that he was not guilty because of insanity or mental irresponsibility. The jury, by answer to a special interrogatory, found that Lake was not insane at the time of the trial, but there was such a likelihood of a relapse or recurrence that he was not a safe person to be at large. Accordingly, he was committed to Northern State Hospital as being criminally insane.

On November 23, 1970, Lake filed the petition below to be discharged from confinement as a criminally insane person. In that proceeding petitioner testified at length in his

own behalf and was fully cross-examined. Both lay and psychiatric testimony was received. Those testifying on petitioner's behalf strongly supported his claim to be discharged. Dr. James D. Reardon, a psychiatrist, and Chief of the Snohomish Unit at Northern State Hospital, strongly favored Lake's discharge. In testifying, he stated that since January, 1971, Lake had been enrolled in and was attending Western Washington State College at Bellingham, Washington, to complete his education requirements by the end of the summer quarter for a teacher's certificate. Dr. Reardon testified that Lake "has done well . . . [and] has accepted increased responsibility without difficulty." The psychiatric testimony, however, was not undisputed. Two psychiatrists testifying on behalf of the state were of the opinion that notwithstanding petitioner's substantial progress, he needed further treatment. The jury, by its verdict reached by a 10 to 2 vote, determined that he had recovered from his mental irresponsibility to such an extent that he was now a safe person to be at large and that he was not liable to a recurrence of or relapse to a prior mentally irresponsible condition. The state moved for a new trial, which motion was denied. The state then appealed from the judgment entered on the verdict.

■ Petitioner Lake moves to dismiss the state's appeal on the ground that RCW 10.76.070, insofar as it purports to permit the state to appeal, is invalid because violative of the double jeopardy provisions of Const. art. 1, § 9, and the fifth amendment to the United States Constitution. We see no double jeopardy problem here. Lake is not again being charged and tried on the first-degree murder charge of which he was acquitted. The issue here is whether facts arising subsequent to the prior verdict are such that, in the language of RCW 10.76.070, the defendant is a "sane and a safe person to be at large . . ." The proceeding is not a criminal proceeding. On the contrary, as stated in *State v. Blubaugh, supra* at 35, "this is a civil proceeding . . ." The cause below was treated as a civil proceeding by the parties and by the court.

This being a civil case, there is no reason that either party may not appeal to assert prejudicial error. Indeed, RCW 10.76.070 expressly confers the right of appeal upon the state. In State v. Rathbun, consolidated on appeal with *State v. Blubaugh, supra,* a verdict was rendered in favor of the petitioner Rathbun in proceedings taken under RCW 10.76.070. The Supreme Court disposed of the case on the merits in an appeal by the state from a judgment adverse to its position. The petitioner's motion to dismiss the state's appeal is denied.

The state contends the court erred in giving instruction 4 dealing with preponderance of the evidence. It reads:

INSTRUCTION No. 4

When it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a "preponderance" of the evidence, it means that you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

The court in instruction 3 stated:

INSTRUCTION No. 3

In order to be entitled to the discharge sought in this petition petitioner has the burden of proving by a preponderance of the evidence that he is a safe person to be at large, in that he is not liable to a recurrence or relapse to a prior insane or mentally irresponsible condition. No other issue is before you.

The state excepted to the giving of instructions 3 and 4 on the ground that the proper standard of proof required was proof beyond a reasonable doubt. No exception was taken to either instruction on the ground that if the preponderance of the evidence test were applicable that the instructions did not correctly state the law.

On December 9, 1971, about 5 months after denial of the state's motion for a new trial, the Supreme Court filed its opinion in *State v. Blubaugh, supra.* That opinion dealt with consolidated appeals—State v. Blubaugh and State v. Rathbun, each involving petitions for discharge under RCW 10.76.070. In the first of the consolidated cases, the trial

court instructed the jury that the defendant was required to prove his entitlement to discharge under RCW 10.76.070 by proof "beyond a reasonable doubt." The verdict in that case was for the state, and the defendant appealed. In the second consolidated case, the jury was instructed that the standard of proof to be applied was that of "preponderance of the evidence." Furthermore, the jury was instructed:

> [Y]ou are further instructed that, even where the preponderance of the evidence favors the petitioner, a reasonable doubt about the danger to the public or to the patient cannot be resolved so as to risk danger to the public or to the individual. A patient may have improved materially and appear to be a good prospect for restoration as a useful member of society; but, if an abnormal mental condition renders him potentially dangerous, reasonable doubts are to be resolved in favor of the public and in favor of the subject's safety.

The verdict in that case was for the defendant, and the state appealed.

The judgments in each of the consolidated cases were affirmed. The court necessarily determined that there was an absence of reversible error in the circumstances of each case. The affirmance occurred notwithstanding the Supreme Court's expressed dissatisfaction with both the "beyond a reasonable doubt" test and the "preponderance of the evidence" test. The court announced a new test—the "highly probable" test, saying:

> [W]e suggest that the jury be instructed to deliberate simply in terms of probability of future criminal behavior, rather than in the traditional terms of reasonable doubt or preponderance of the evidence. Specifically, we suggest an instruction advising the jury that the burden of persuasion is upon the petitioner and that before a discharge from custody will be granted, they must find it highly probable that he is now sane, that he is not liable to a recurrence of the insanity, and is a safe person to be at large.

80 Wn.2d at 36. We assume the "highly probable" test has retroactive application. *State v. Thach*, 5 Wn. App. 194, 486 P.2d 1146 (1971); *Tully v. State*, 4 Wn. App. 720, 723 n.2,

483 P.2d 1268 (1971). We further assume the exception taken to instruction 4 would ordinarily be sufficient to enable us to determine whether the court erred in giving that instruction, because of the rule of *State v. Blubaugh, supra,* retroactively applied. *Samuelson v. Freeman,* 75 Wn.2d 894, 454 P.2d 406 (1969).

In the instant case, the state excepted to the giving of instruction 3. On appeal, however, it has not complied with the mandatory requirements of CAROA 43 requiring that claimed error concerning this instruction must be assigned and the instruction involved must be set out in appellant's brief. Failure to comply with CAROA 43 precludes our reviewing the error claimed. Accordingly, instruction 3 is treated as if no appeal has been taken therefrom. That instruction thus becomes the law of the case, regardless of error. *State v. Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966). *See State v. Mayner,* 4 Wn. App. 549, 483 P.2d 151 (1971); 5 C.J.S. *Appeal & Error* § 1464(6) (1958). An error not properly assigned may be noticed if necessary to protect the constitutional rights of a defendant. *State v. Myers,* 6 Wn. App. 557, 494 P.2d 1015 (1972); *State v. Williams,* 4 Wn. App. 908, 484 P.2d 1167 (1971). Here, however, no constitutional right of the state is threatened. In light of what has been said, the state cannot now complain concerning instruction 4. It correctly states the preponderance of the evidence rule in a manner consistent with instruction 3 binding on the state.

Furthermore, the state's assignment of error based on the refusal to give state's proposed instruction 5 is untenable. Instruction 5 reads:

In connection with the petitioner's burden of proof, you are further instructed that, even where the preponderance of the evidence favors the petitioner, a reasonable doubt about the danger to the public or to the patient cannot be resolved so as to risk danger to the public or to the individual. A patient may have improved materially and appear to be a good prospect for restoration as a useful member of society; but, if an abnormal mental condition renders him potentially dangerous, reasonable

doubts are to be resolved in favor of the public and in favor of the subject's safety.

For the reasons heretofore discussed, it is not error to refuse to instruct again on the preponderance of evidence test binding on the state. So far as instruction 5 may be said to go beyond the preponderance of evidence test, the state cannot now complain.

The state further contends the court erred in refusing the state's proposed instructions 3 and 4, generally to the effect that petitioner's burden was to prove the allegations of his petition "beyond a reasonable doubt." It is not entirely clear whether the refusal was properly excepted to below so as to permit review here. *State v. Myers*, 6 Wn. App. 557, 494 P.2d 1015 (1972). However, on appeal, both the law of the case binding on the parties here and the *Blubaugh* rule retroactively applied require us to hold that no reversible error was committed in refusing the state's proposed instructions.

The state contends that the court erred in refusing to give state's proposed instruction 7. That instruction reads:

You are instructed that the discharge to which the petitioner is entitled, in the event that he proves the allegations of his petition to the satisfaction of the jury, is an unconditional discharge. Such a discharge is absolute, and the person receiving the discharge is under no further control of the court pursuant to his earlier adjudication as a criminally insane person.

The court, in his discretion, could properly refuse the instruction as argumentative and improperly weighted in favor of the state. The instruction failed to call attention to the recommitment procedure available under RCW 10.76.080 should there be a relapse or recurrence of defendant's mental condition. Furthermore, the state, under other instructions given, was not deprived of an opportunity to argue to the jury the point made in its proposed instruction 7. Indeed it made such a jury argument. *See Lofgren v.*

*Western Wash. Corp. of Seventh Day Adventists*, 65 Wn.2d 144, 396 P.2d 139 (1964).

Subsequent to the opinion in *State v. Blubaugh, supra,* the state filed a supplemental memorandum contending that the court erred in not requiring the jury verdict in the instant case to be unanimous. Instruction 10, to which the state took no exception, states:

This proceeding is not a criminal prosecution and, accordingly, ten of your number may agree upon a verdict.

 Assuming the contention made subsequent to the filing of appellant's brief is timely (see *Samuelson v. Freeman, supra*), nevertheless *State v. Blubaugh, supra,* itself holds that the instant case is a civil case and not a criminal case. Being a civil case, a verdict by 10 jurors suffices. RCW 4.44.380.

The judgment is affirmed.

FARRIS, A.C.J., and CALLOW, J., concur.

Petition for rehearing denied September 12, 1972.

Review denied by Supreme Court October 26, 1972.