[No. 573-2.    Division Two.    January 25, 1973.]

WAYNE HODGINS, *Appellant*, v. FLOYD OLES *et al.*,
*Respondents.*

*Neil J. Hoff,* for appellant.

*William R. Hickman* and *William L. Holder* (of *Reed,
McClure, Moceri & Thonn, P.S.*), for respondents.

ARMSTRONG, J.—Plaintiffs have commenced this action
against the City of Tacoma to recover damages for injuries

plaintiff Wayne Hodgins inflicted upon himself while he was in the city jail. It is plaintiff's contention that the jail employees did not exercise reasonable care to protect an obviously insane person from injuring himself. Plaintiffs appeal from a judgment based upon a jury verdict for defendant. Plaintiff Wayne Hodgins will be referred to in the singular.

The primary issue raised in this appeal is whether the head jailers, of their respective shifts, and the acting police chief are managing agents of the city and can be called by plaintiff as adverse witnesses and cross-examined[1] pursuant to the provisions of CR 43 (b), which provides:

> A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party.

The facts reveal that the plaintiff, Wayne Hodgins, walked away from a mental institution a few days before his arrest for possession of marijuana. He had been treated there on a voluntary commitment basis. A psychiatrist, who testified at the trial, was of the opinion that plaintiff was psychotic and diagnosed his condition as an acute schizophrenic reaction.

At the time of his arrest the investigating officers suspected he was under the influence of a narcotic and took him to the Tacoma Police Department where he was placed in the drunk tank. He continually beat on the door and walls and screamed. He defecated in a corner and threw the excreta at a trusty. An Officer Patten, head jailer at the time, handcuffed the prisoner approximately 1 foot from the floor to a screen in the cell. The plaintiff continued his bizarre conduct and a psychiatrist was called. The psychia-

---

[1] We use the term "cross-examine" throughout this opinion to indicate that the witness will be treated as though he had been called by the opposite party.

trist believed the plaintiff was mentally ill but did not have him admitted to a hospital. An hour and a half after the psychiatrist left and after nearly 36 hours of being hand-cuffed to the screen, the plaintiff ripped off his jail cover-alls and set them on fire, severely burning his hands. He was later committed to a mental hospital.

Hodgins filed suit against the City of Tacoma, alleging responsibility for his burned hands. At the trial of the matter, the plaintiff subpoenaed the head jailers who were on duty during the time Hodgins was in the city jail. Plain-tiff called these jailers as witnesses and attempted to elicit testimony from them concerning the hours leading up to the incident and the incident itself. An examination of the statement of facts reveals that plaintiff's counsel attempted to elicit the testimony of these officers through a series of leading questions. Defense counsel objected and the court sustained the objection. During the testimony of the four head jailers involved and the acting police chief, all called by the plaintiff, the court repeatedly sustained objections by defense counsel on the basis that the questions were leading. On two occasions the court went farther and ad-monished counsel: "These are leading questions. Let's have no more of it."

Plaintiff's first contention on appeal is that the court's prohibiting his counsel from interrogating the police officers with leading questions denied him a fair trial. We agree as to the acting police chief and the three head jailers who were currently employed by the city.

We have no decisions in this jurisdiction which interpret rule 43 (b) which was made effective July 1, 1967. In inter-preting former CR 26 (d) (2), relating to taking depositions of an adverse party or managing agent, the Washington Supreme Court has quoted a definition appearing in a Wis-consin case, stating that a managing agent is "a person possessing and exercising the right of general control, au-thority, judgment, and discretion over the business or af-fairs of the corporation, either on an over-all or part basis, *i.e.,* everywhere or in a particular branch or district." *Van-*

*noy v. Pacific Power & Light Co.,* 59 Wn.2d 623, 636, 369 P.2d 848 (1962). The definition in *Vannoy* provides a helpful analogy but it does not contain precise and clear standards to guide the trial court and attorneys in determining whether an individual witness is a managing agent or merely an employee. The *Vannoy* definition does make it clear that there may be numerous persons who qualify as managing agents of the principal and they may have duties on an overall or partial basis.

We have, therefore, turned to federal decisions which have set forth more precise guidelines to determine who is a managing agent, but which are not inconsistent with the *Vannoy* rule. Relevant portions of the federal rule are identical with our state rule. In reviewing numerous decisions, we have concluded that under rule 43(b) a managing agent is one who, as to the particular subject matter of the litigation, (1) acts with superior authority and is invested with general control to exercise his discretion on behalf of his principal on an overall or partial basis (as distinguished from a mere employee who does only what he is told to do, has no discretion about what he can and cannot do, and is responsible to an immediate superior who has control of his acts); and (2) can be expected to identify himself with the interests of his principal rather than those of the other party. *Skogan v. Dow Chem. Co.,* 375 F.2d 692 (8th Cir. 1967); *Warren v. United States,* 17 F.R.D. 389 (S.D.N.Y. 1955); *Newark Ins. Co. v. Sartain,* 20 F.R.D. 583 (N.D. Cal. 1957); *Who is "Managing Agent" under Rule 43(b) of Rules of Civil Procedures,* Annot., 1 A.L.R. Fed. 693 (1969).

Applying these rules to the acting police chief and the three head jailers currently employed by the city, we find that all four are managing agents. The acting police chief acted with superior authority over the entire police department; he can be expected to identify with the interests of the city. The acting chief testified that individual discretion for carrying out the rules and regulations of the jail must

be left with the jailers. Clearly the three head jailers, currently employed by the city, were invested with superior authority within the jail and had general authority to exercise their discretion in jail management. All of them could be expected to identify themselves with the interests of the city.

Defendant contends that the witnesses were not hostile and plaintiff's counsel actually obtained all of the information he needed from them without resorting to unhampered cross-examination. Our answer to that is that it is not necessary to show hostility to cross-examine a managing agent of a corporation. The plaintiff was entitled to cross-examine, contradict and impeach the managing agents as a matter of right.

The record shows that plaintiff was endeavoring to establish by leading questions that this was the most aggravated case of bizarre and irrational behavior the experienced police officers had ever observed. This was necessary to the plaintiff to establish two ultimate facts (1) the degree of care exercised by the city and (2) the degree of mental incompetency of the plaintiff. This information was primarily within the knowledge of the jailers. Plaintiff was seriously jeopardized by hampering his right to cross-examine.

The reasons behind the necessity of according a party his right to cross-examine adverse witnesses is demonstrated in 5 J. Wigmore, *Evidence* § 1368 (3d ed. 1940) at 33:

> The fundamental feature is that a witness, on his direct examination, discloses but a part of the necessary facts. That which remains suppressed or undeveloped may be of two sorts, (*a*) the remaining and qualifying circumstances of the subject of testimony, as known to the witness, and (*b*) the facts which diminish the personal trustworthiness of the witness.

One of the head jailers was retired prior to the time of the trial. In *McLean v. St. Regis Paper Co.*, 6 Wn. App. 727, 496 P.2d 571 (1972) we held that the adversity of a former managing agent depends upon the trial court's dis-

cretionary determination of hostility. At page 734 we distinguished between the cross-examining of hostile witnesses and managing agents of the adverse party:

CR 43(b) distinguishes two different categories of adverse witnesses: (1) hostile witness; (2) adverse party or an officer, director, or managing agent of a public or private corporation, partnership, or association that is an adverse party. In the first category, the witness' hostility must, in some way, be demonstrated before he can be examined as an adverse witness. In the second category, the witness is presumed to be hostile in nature and may be called as an adverse witness as a matter of right.

(Footnote and citation omitted.)

■ We recognize that the trial court has discretion in determining who is a managing agent but once the court determines a witness is a managing agent, that witness must be cross-examined, contradicted and impeached in the same manner as if he had been called by the adverse party. In the case at bench, we find no ruling that the witnesses were or were not managing agents. Once a proper foundation has been laid that a witness is a managing agent for the adverse party, cross-examination follows as a matter of right. We cannot say that the court abused its discretion in determining that the former managing agent failed to demonstrate hostility and therefore could not be cross-examined. We do find reversible error in denying plaintiff the right to call the managing agents, currently employed by the city, and cross-examine them as adverse witnesses.

We believe it would be better practice when calling a managing agent to advise the court that the witness is being called as a managing agent pursuant to rule 43(b). Before any leading questions are asked the foundation should be laid so that the court may first rule upon the question of whether the witness is a managing agent. See 1 A.L.R. Fed. 693, 695 (1969) for an example of an appropriate foundation for a managing agent.

Since we are granting a new trial the only other assignment of error we need mention was: "4. In giving instruction regarding contributory negligence. (See St. 370 and

373, instruction Nos. 2 and 9)." The instructions mentioned were not set forth in the brief.

The assignment of error does not comply with CAROA 43. The pertinent portion of the rule is:

No error assigned to the inclusion, omission, sufficiency, or insufficiency of an instruction or instructions, given or not given, will be considered unless such instruction or instructions, as the case may be, shall be set out in the brief in full:

The rule may appear harsh but our appellate courts have held that unless the instruction is set forth in the appellant's brief the assigned error cannot be considered. *State v. Badda*, 68 Wn.2d 50, 411 P.2d 411 (1966); *State v. Lake*, 7 Wn. App. 322, 499 P.2d 219 (1972).

Reversed and remanded for a new trial.

PEARSON, C.J., and PETRIE, J., concur.

Petition for rehearing denied February 26, 1973.

Review denied by Supreme Court April 20, 1973.